## SUPREME COURT.

JENNIE YOUNGS agt. HANNAH M. CARTER and NETTA YOUNGS.

*Conveyance made by a man on the eve of marriage — when void.*

A voluntary conveyance of real estate made by a man on the eve of marriage, unknown to the intended wife and made for the purpose of defeating the interest which she would acquire in his estate by the marriage, is fraudulent and void.

*New York Special Term, February,* 1875.

*Luther R. Marsh,* for plaintiff.

*Stephen W. Fullerton,* for defendants.

VAN VORST, *J.*— When Daniel S. Youngs asked the plaintiff to become his wife, he was a widower of the age of fifty-two years and upwards, and she twenty-three years of age. He had two children by a former wife, daughters, both of whom were of full age.

He was, at the time he proposed marriage to the plaintiff, seized of real estate in the city of New York worth $150,000. This constituted his principal property. The fact that he owned this real estate he had communicated to the plaintiff before his offer of marriage.

The plaintiff accepted the proposal, and the day for the celebration of the marriage was fixed for the twenty-seventh August; but, on account of the illness of the plaintiff, the wedding was postponed for a few days, and on the third September following it took place. On the thirtieth day of August, four days before the marriage, the father deeded to

his daughters, by a conveyance absolute in fee simple, the real estate in question.

Natural love and affection is the consideration expressed in the deed.

The fact of such conveyance being contemplated or made was not communicated to the plaintiff, and she was kept in ignorance thereof until long after the marriage. The deed was not recorded until November, 1873.

The effect of this conveyance, made on the eve of marriage, and evidently in contemplation of its occurrence, if upheld by the court, is to deprive the plaintiff of her inchoate right of dower in the premises in question, and the possibility of her title to dower becoming consummate in the event that she survives her husband.

The provisions of law in respect of dower were intended for the support of the widow and the nurture of her children.

"Dower is a title inchoate, and not consummate, until the death of the husband, but it is an interest which attaches on the land as soon as there is a concurrence of marriage and seizin" (*Kent's Com.*, vol. 4, 51).

*Baker* agt. *Chase* (6 *Hill*, 482), was an action at law, ejectment being brought by the widow to recover dower. The husband, a few days before his marriage with the plaintiff, conveyed the lands to one of his children by a former marriage, by way of advancement, with the intention of preventing the plaintiff from acquiring a right of dower. It was held that an action at law could not be maintained.

In *Swain* agt. *Perine* (5 *Johns. Ch.*, 482), which was an action in equity, it was held that a deed given by the husband, just before his marriage, to his daughter, without consideration, and kept secret until after the marriage, is fraudulent and void as against the wife's claim of dower. To the same effect, is *Smith* agt. *Smith* (2 *Hals. Ch.*, 515). The chancellor said : " I am of the opinion that a voluntary conveyance, by a man on the eve of marriage, unknown to the intended wife, and made for the purpose of defeating the

interest which she would acquire in his estate by the marriage, is fraudulent and void."

And the chancellor adds: " I see no sound distinction between this case and a like conveyance by a woman under like circumstances."

The equity of the husband to the wife's estate is of no higher character than the equity of the wife to her husband's (*Willard's Equity Jurisprudence*, 696).

*Carleton* agt. *Dorset* (2 *Vern. R.*, 17), is a case in which a conveyance made by a woman before her marriage, for her separate use, without the husband's privity, was held not to bind the husband. And to the same effect is *Howard* agt. *Hooker* (2 *Reports in Ch.*, 81; *Clancy on Rights of Women*, 614, 615).

A question was raised on the trial as to whether an action in a court of equity could be maintained for the conservation of an inchoate right of dower, and as to whether the wife, claiming to have been imposed, should not wait before bringing her action until it be determined by the death of her husband that she was absolutely entitled to dower.

As already observed, inchoate dower is an interest which attaches to the land, as soon as there is a concurrence of marriage and seizin.

But that inchoate right of dower is such an interest as the law will protect from injury, is well settled in *Simar* agt. *Canady* (53 *N. Y.*, 298), in which case it was held, FOLGER, J., that " an inchoate right of dower in lands is a subsisting and valuable interest, which will be protected and preserved (to the wife), and that she has a *right of action to that end*."

The learned judge refers to various cases in which it is held, in substance, " that the inchoate rights of the wife are as much entitled to protection as the vested rights of the widow."

In *Pelty* agt. *Pelty* (4 *B. Monroe*, 215), a man advanced in life, having children by a former wife, contracted marriage with a woman in moderate circumstances, though much younger than himself. Two days before the marriage he

conveyed to his children by the first marriage all his land, without the knowledge of the intended wife. It was held that the chancellor on the bill by the wife, even before the death of the husband, might declare the conveyance void, so far as it might defraud her of dower in the land, in case she survived her husband.

By the statutes of Vermont the widow is entitled to one-third of the real estate of which the husband *dies seized.*

In *Thayer* agt. *Thayer* (14 *Vermont R.*, 107), it was held that a conveyance by the husband, shortly before his death, of all his property, without any valuable consideration and with the intent to defraud his wife of dower, is void against the claims of the wife and will be set aside.

*Chandler* agt. *Hollingsworth*, referred to in *Washburn on Real Property* as an important and leading case (*vol.* 2, *page* 597, *mårg.*) decided by BATES, chancellor, in Delaware, considers the English and American cases. The chancellor comes to the conclusion "that for a man or woman, on the eve of marriage, to convey his or her estate (in that case it was the entire property of the husband), if done without a valuable consideration and not disclosed to the other party before the marriage, would be so far a fraud, *per se*, upon the marital rights of the other party that equity would set it aside, so far as it conflicted with those rights, although the party so defrauded did not know whether the person he or she was about to marry had been possessed of the property or not.

This brief examination of the cases shows that dower is highly favored in equity. It is not only a legal but a moral right, as it is a provision in favor of the doweress for her maintenance out of her husband's estate.

And if, as is decided in *Mills* agt. *Van Voorhees* (20 *N. Y.*, 420), and affirmed and reaffirmed in *Matthews* agt. *Dwyer* (*N. Y. Court of Appeals Reports*, 3 *Abbott*, 320) ; and *Simar* agt. *Canaday* (*supra*), "the inchoate rights of the wife are as much entitled to protection as the vested rights of the

widow," the plaintiff in this case has unquestioned claims for relief upon principles of reason and justice, and through the application of analogous doctrines of equity.

The deed executed before her marriage, under the facts and circumstances of this case, should have no other effect upon her rights and interests than if executed afterward.

It is not asked by the plaintiff that the deed executed by her husband to his daughters, on the eve of his marriage, should be set aside as to him or them. But it is asked that it be declared void as to the present interest, which but for the deed the plaintiff would have, viz., her inchoate right of dower, and her future absolute right of dower, in case of the death of her husband, in her lifetime. To this extent she is entitled to relief, and there should be judgment accordingly.