ELIZA W. KNOLLS, Respondent, *v.* LYDIA BARNHART et al., Appellants.

The presumption of delivery of a deed, arising from the fact of its being recorded, is repelled where it appears that the grantee never was in possession, and no claim was made under the deed; that the land was improved and valuable only for its use and occupation; and that the grantor, his heirs and representatives, have remained in undisturbed possession for a period of more than forty years without recognizing any rights under the deed.

In such case a contrary presumption arises, either that the deed was never delivered, or that there was a reconveyance.

Where, in an action for partition, brought by plaintiff as heir-at-law of C., against the widow and other heirs, the defendants set up a deed from C. to a third person, without connecting themselves therewith. *Held*, no defense; also, that if defendants had derived title through or under the deed, they could not have availed themselves thereof against the plaintiff, unless their possession was hostile in its inception, or they had surrendered their prior possession and entered under the newly acquired title.

The possession, in such case, of the widow of an intestate, as dowress and as guardian in socage of minor heirs, is as tenant in common with all the heirs, and she occupies a fiduciary relation toward them, which prevents her purchasing an outstanding title in, or a mortgage upon, the lands for her individual benefit.

Where the widow thus occupies lands held by her husband at his decease under a contract of sale, receives the rents and profits, and pays up the amount due on the contract, or where she pays a mortgage upon the land, the presumption, in the absence of other evidence, is that she pays from the rents and profits; also, in case of a mortgage, the presumption is, that upon payment it became extinguished, and could be only available to the widow upon an accounting.

Where, in such case, the widow paid a mortgage, took an assignment to herself, subsequently foreclosed and bid in the premises in her own name, and then conveyed them to one of the heirs who was in occupation of the premises with her. *Held*, that the interests of the other heirs were not thereby cut off; also that the title acquired by the widow was not strengthened by the transfer.

(Argued December 10, 1877; decided December 18, 1877.)

APPEAL from order of the General Term of the Supreme Court, in the fourth judicial department, reversing a judg-

ment in favor of plaintiff entered upon the report of a referee. (Reported below, 9 Hun, 443.)

This action was brought to set aside a statute foreclosure of a mortgage upon premises described in the complaint, for an accounting for rents and profits, for a determination as to the rights and interests of the parties in the premises, and for partition.

The plaintiff claimed as heir-at-law of Christian Barnhart, deceased, the defendants were the widow of the deceased and the other heirs-at-law.

The referee found the following facts, in substance: On August 4th, 1820, Edward Durfee and wife conveyed, by warranty deed, to Christian Barnhart the premises described in the complaint in this action, receiving back a purchase-money mortgage. On the 2d day of March, 1827, said Barnhart mortgaged the premises to Margaret Jennings. On the 24th day of March, 1828, said Christian Barnhart conveyed the premises to William T. Hussey, by full covenant warranty deed, which deed was duly recorded. On the 1st day of October, 1828, the premises were sold upon a foreclosure of the said mortgage made by Barnhart to Margaret Jennings, and purchased by Chade Southwick, who, on the 24th of December, 1829, made to Barnhart a lease of the said premises, which Barnhart took, and, under the same, held the said premises, and from that time attorned to said Southwick or his assignee under the said lease. On the 13th day of January, 1835, Christian Barnhart died. At his death he was in possession of the premises under lease, and was not the owner thereof, and had no other estate therein than as aforesaid under said lease. From the time of his death, the defendant, Lydia Barnhart, widow of the dsceased, continued to occupy the premises, and paid rent and attorned under the lease. On the 8th day of April, 1847, the said purchase-money mortgage was assigned by the representatives of Durfee to defendant, Lydia Barnhart, and on the 27th day of August, 1870, said mortgage was duly foreclosed, and the widow became the pur-

haser, and subsequently conveyed a portion thereof to defendant, Almon P. Barnhart, for a valuable consideration. The referee further found that at the time of his death the said Christian Barnhart was not the owner of, and had no title to said premises; that the plaintiff has not, and never has had any title to said premises; and that the plaintiff, or her ancestor, the said Christian Barnhart, has not been seized or possessed of the said premises or any part thereof, at any time within twenty years before the commencement of this action. He thereupon directed a dismissal of the complaint.

The only evidence to prove the delivery of the deed to Hussey was a certified copy from the county clerk's office. The grantee never was in possession, and no claim was made under the deed, the grantor remained in possession and he and his heirs and representatives have continued in undisturbed possession ; the property was improved and in a thickly settled community. By the instrument termed a lease from Southwick to Barnhart, Southwick leased the premises at the annual rent of twenty-five dollars per annum, until the sum of $326, with interest, was paid, when Southwick agreed to convey the premises to Barnhart.

Further facts appear in the opinion,

*Charles McLouth*, for appellants. Plaintiff was barred by the statute of limitations from setting up any claim against her mother. (*Hubbell* v. *Sibley*, 50 N. Y., 468.) The deed from plaintiff's father to Hussey was a complete answer to her claim. (2 Gr. Ev. [2d ed.], § 297; *Dow* v. *Butler*, 3 Wend., 149, 152; *Scurgham* v. *Wood*, 15 id., 545; *Robinson* v. *Wheeler*, 25 N. Y., 252, 260; *People* v. *Snyder*, 41 id., 397, 402.) There was no relation of trust or confidence between plaintiff and defendant which prevented the latter from purchasing at the mortgage sale. (*Ten Eyck* v. *Craig*, 62 N. Y., 406; *Fonda* v. *Van Horne*, 15 Wend., 631.) Plaintiff is not in a position to allege that the mortgage had been extinguished by the receipts of rents and profits. (*Hub-*

*bell* v. *Moulson*, 53 N. Y., 225.) This action could not be maintained, because there was an adverse possession. (*Van Schuyver* v. *Mulford*, 59 N. Y., 426.) An owner of an equitable title cannot maintain ejectment. (*Lowell* v. *Park-hurst*, 4 Wend., 369; *Kimball* v. *Van Slyck*, 8 J. R., 487.)

*W. Woodbury*, for respondent. The children of Christian Barnhart took title from their father as tenants in common, and the actual possession of one or more, of them will be deemed the possession of all. (1 Gr. Cruise on R. P., 875; 7 Wheat., 60–121; Curtis' Con. R., 321–353; 4 Kent's Com. 368.) The defendant, Lydia Barnhart being mother of five of the infant children, became guardian in socage, and it was her duty to preserve their interest in the estate. (1 N. Y. Stat., 667; 2 id., 159; 1 J. R., 160; 5 id., 64; 7 id., 156; 30 Barb., 633–635; 31 id., 287; 19 Wend., 306.) Defendants could not set up outstanding title against plaintiff. (25 Wend., 389; 5 J. Ch., 388, 407; 2 id., 30; 5 Cow., 529.) The proof of the record of the deed to Hussey, forty-three years before the trial, did not prove the delivery of it *prima facie.* (22 How., 416; 44 Barb., 354; 6 id., 98; 36 N. Y., 561; 1 Den., 353.) A reconveyance will be presumed after such a lapse of time, if no claim is made under it. (1 C. & H., notes, 355, 356.) All the acts of the defendant, Lydia Barnhart, in handling the estate, are to be deemed for the benefit of the heirs and her co-tenants. (1 N. Y. R. S., 666, 667; 1 Metc., 593; *Vanhorn* v. *Fonda*, 5 J. Ch., 407; *Hodrige* v. *Gillespie*, 2 id., 30; 1 Gr. Cruise on R. P., 51; *Cartwright* v. *Codey*, 21 N. Y., 343; 4 Sand. Ch., 223; 9 Paige, 237, 334; 4 Barb., 626.) The payment of the mortgage by Lydia extinguished it, and the assignment and foreclosure gave her no title. (5 Hill, 272; 2 J. Ch., 35.) Lydia being a tenant in common with plaintiff, the foreclosure and sale could not be set up by defendants in defense of plaintiff's rights in the premises. (3 Sand. Ch., 15; 25 Wend., 389; 1 Gr. Cruise, 872, 873; 9 Cow., 555; 5 J. Ch., 407; 2 id., 30; 9 Barb., 91; 3 Seld., 523.) The mort-

gage was presumptively paid. (43 N. Y., 48; 2 Kern., 635; 12 Wend., 490; 1 Keyes, 332; 3 Barb. Ch., 616; 2 Comst., 360.) The burden of proof was on defendants to make the chain of title complete. (19 Barb., 644; 18 id., 24; 1 Den., 323.) There was no adverse possession in the way of plaintiff's recovery. (4 Comst., 61; 12 J. R., 427; 19 Barb., 51; Code, § 78; 3 Paige, 409, 417–419; 2 Hill, 338; 1 id., 672; 4 E. D. S., 490; 8 Wisc., 287; 34 Penn. St., 263; 9 J. R., 174, 180; 12 id., 365, 368; 5 Robt., 284; 5 Cow., 74; 3 Seld., 523; 24 Wend., 451; 6 Abb., 91, 97; 17 Barb., 663, 668.)

CHURCH, Ch. J. The referee found that the ancestor Christian Barnhart was not the owner, and had no title to the premises in question at the time of his death in 1835. This conclusion must have been based upon the finding of fact, that in 1828, the said Christian Barnhart conveyed the premises by a full covenant warranty deed to William T. Hussey. The only evidence to sustain this finding was a certified copy of a deed from the county clerk's office of Wayne county. It does not appear otherwise that said deed was ever delivered; the grantee was never in possession. More than forty years had elapsed, and no claim was ever made under the deed, nor indeed does it appear that any such person as the grantee ever existed. The circumstance that the property was improved, and valuable only for its use and occupation in a thickly settled community; that no claim has ever been made under it; that the grantor and his heirs and representatives have been in the undisturbed possession for so long a period without recognizing any rights under it are sufficient to repel the presumption of delivery arising from the record alone, and a contrary presumption either that the deed never was delivered, or that a reconveyance had been made, is more reasonable. Another answer to this deed is that the defendants do not connect themselves in any way with it, nor have they derived any title through or under it; and if they had it would not avail against the

rights of the plaintiff, unless their possession was hostile in its inception, or they had surrendered their prior possession and entered under the newly acquired title (25 Wend., 389), and cases cited.

The ancestor Christian Barnhart entered into possession of the premises in 1820, under a conveyance in fee from one Durfee, and remained in possession until 1835, when he died, leaving his widow, one of the defendants, and several of his children in possession. In 1827 Christian Barnhart mortgaged the premises to Margaret Jennings. In 1829 that mortgage was foreclosed, and the premises sold, and bid off by one Southwick, the then husband of the mortgagee, who contracted to sell the same to Barnhart for the consideration of $326, the amount of the mortgage. The contract was in the form of a lease, but in legal effect was a contract of sale, and was undoubtedly entered into in pursuance of an arrangement made at or prior to the sale. However this may be, it conveyed the equitable title to Barnhart, the purchaser Southwick holding the legal title as trustee to secure the purchase-money. At the time of the death of Barnhart, he held the premises under this contract, and upon his death his title descended to his heirs subject to the dower right of his widow.

With the Hussey deed out of the way, it is very clear that Barnhart the elder had this title in the premises at the time of his death, which descended to his heirs subject to the dower of the widow. The possession of the widow as dowress and as guardian in socage of the minor children was as tenant in common with all the heirs. She occupied the property, received the rents and profits, and paid up the amount due on the contract. The presumption from the evidence is that she paid the amount from the rents and profits, but whether she did or not, is not material in determining the question of title of the plaintiff. She could not buy in the contract or title for her individual benefit. She occupied a fiduciary relation to the heirs, which would prevent her purchasing for her individual benefit.

There was also a purchase-money mortgage to Durfee, upon which was due at the death of Barnhart about $300, which the widow also paid ; and when it was paid, in 1841, took an assignment to herself, and in 1870 foreclosed the same, and bid in the premises in her own name, and claims that the interests of the heirs were thereby cut off. This claim cannot be sustained. First. The presumption is that the mortgage was paid from the rents and profits. Second. When it was paid it became extinguished, and could only be available to the defendant upon an accounting. Third. The defendant occupied such a fiduciary relation to the property and the heirs as prevented her from purchasing or foreclosing the mortgage for her individual benefit. She cannot be regarded as a mortgagee in possession, and she sustained other and more confidential relations than those of a mere mortgagee. The case of *Ten Eyck* v. *Craig* (62 N. Y., 406) is not applicable.

I am unable to see how Almon, who took a conveyance from his mother after the sale under the foreclosure, can claim protection against the rights of the plaintiff. He was conversant with all the facts, and was in occupation with his mother as a tenant in common. The general rule is, that one tenant in common cannot purchase in an outstanding claim or title to the exclusion of his co-tenant. (2 J. Chy., 406.) It does not strengthen a title thus acquired by one tenant in common to transfer it to another who occupies the same relation, and especially one who has knowledge of all the facts. Adverse possession was not found or proved, and the referee rejected evidence offered to show that the possession was not held adversely. We do not deem it necessary to elaborate the points presented. We concur with the disposition which the General Term made of the case. An accounting must be had, and the rights and interests of the respective parties ascertained, and when that is done the court below can make such a disposition of the property as will secure the rights of each. Upon such accounting the rights of the widow and of the son Almon, who, by good management,

economy, and frugality, have preserved and improved the property, will and should be fully protected. The property is not large in value, and the interests of each of the children are correspondingly small, and the amount involved cannot long survive an expensive litigation. This circumstance, together with the complication arising from the great length of time which has elapsed, makes it a case eminently proper for an equitable adjustment by the parties themselves.

The order of the General Term must be affirmed, and judgment absolute for the plaintiff on stipulation, with costs.

All concur, except RAPALLO, J., absent.

Order affirmed, and judgment accordingly.