ALICIA MAUD BLISS, APPELLANT, *v.* GRACE F. WEST AND OTHERS, RESPONDENTS.

*Delivery of trust deeds — presumed from their acceptance by the trustee and recording, though afterwards found in the grantor's possession — when not void as made in contemplation of marriage — effect of subsequent representations and possession of the property by the grantor.*

A testator stated in his will that he had already provided for his three children by an insurance on his life, and by trust deeds made on the 10th day of March, 1887. It appeared that these deeds had each been executed and acknowledged by the trustee, who accepted the estates thereby granted, and the trust thereby created and declared, and covenanted faithfully to perform the same, and that such deeds were recorded on the 11th day of March, 1887.

*Held,* that these facts were sufficient to support the inference, although the deeds were in the safe of the grantor at the time of his decease, that they had been delivered to the trustee at the time when they were executed.

It was not shown that the property described in the deeds had been conveyed in contemplation or expectation of marriage, or that the grantor was even acquainted with the person whom he subsequently married when the deeds were executed, acknowledged and recorded.

*Held,* that they could not be adjudged fraudulent as against her for the reason that she was thereby deprived of an estate in dower in this property.

That as the title had become vested in the trustee prior to any negotiations or conference between her and the grantor on the subject of marriage, neither the assertion of title by the grantor before or after his marriage with her, nor his continued control of the property could be attended with such effect.

That the representation of the grantor, that he was the owner of the property, could not divest the trustee of the title to it or subject it to rights or equities in favor of the grantor's wife.

That in view of the fact that, under the terms of the trust, the trustee was directed to apply the net rents and profits to the grantor's use during his life, the fact that the grantor remained in possession of the land described in the deeds, after his marriage and until his death, was not inconsistent with the trust or the delivery of the deeds.

APPEAL by the plaintiff upon questions of law and upon the facts from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 20th day of January, 1890, after a trial at Special Term on the 7th day of November, 1889.

The action was brought for the purpose of having three deeds, made by Charles Bliss, the husband of the plaintiff, to the defendant Grace F. West, adjudged fraudulent as against the plaintiff; that

the defendant Grace F. West be adjudged to account for all money received by her, under and by virtue of the said deeds, and pay the same to plaintiff.

*F. H. Cowdrey*, for the appellant.

*William W. Jenks*, for the respondents.

DANIELS, J. :

The plaintiff is the widow of Charles Bliss, who departed this life on the 23d of January, 1889. In September, 1887, he proposed to marry the plaintiff and represented himself to be the owner of two parcels of land in the city of New York, one of which was known as 435 West Thirtieth street, and the other as 235 West Fifty-first street, in that city. Both parcels had been improved, but the former was subject to a mortgage securing the payment of the sum of $15,000. The plaintiff accepted this proposal of marriage and intermarried with him on the ninth of November following. In May, 1887, the plaintiff commenced residing in the house on the Fifty-first street lot, in which the deceased also resided. And he executed and delivered to her a five-years lease of the other house and lot, dated on the 1st of May, 1887, but not acknowledged until the twenty-third of September following. In the fall of 1888 he entered into a contract for the improvement of the premises on Fifty-first street, and during the marriage two policies of insurance, previously obtained and continued, insured the property to him, and he paid the taxes. At his decease he left a will, by which he gave all his property to the plaintiff after the payment of his debts. This will contained the statement that he had already provided for his three children by an insurance on his life, and by trust deeds made on the 10th of March, 1887.

These deeds were three in number, and each conveyed one-third of these parcels of land to Grace F. West in trust to receive the rents and profits of the premises, and apply so much as might be necessary to taking care of, insuring and keeping in repair the buildings thereon ; and in case it should be deemed necessary by her, then to change, alter, remodel and otherwise improve the buildings, after obtaining the consent of the grantor and the concurrence of the beneficiary in writing, and to apply the residue of the rents and

profits to the use of the grantor during his life, and after that for the use of his daughter Harriet C. Bliss, until Charlotte Bliss, another daughter, attained the age of twenty-one years. Other directions were given for the disposition of the rents and profits in case of the decease of the beneficiary before the attainment of the age of twenty-one years by Charlotte Bliss, and for the final disposition of the remainder after the expiration of the trust estate, by which alone his children and heirs were to be benefited. The other two deeds contained similar directions, but primarily after his own decease, for the benefit of each of his other two daughters, and after the expiration of the trust estates, to be disposed of in a similar manner as the one-third mentioned in the deed which has first been referred to. These deeds were each executed and acknowledged by the trustee who accepted the trust estates thereby granted, and the trusts created and declared, and she covenanted faithfully to perform the same. And they were recorded on the 11th day of March, 1887.

From these facts it was inferred by the court at the trial that the deeds had been delivered to the trustee at the time when they were executed. And the facts were sufficient to support that inference, although the deeds were in the safe of the grantor at the time of his decease. Their execution and acknowledgment by the trustee and the subsequent record made of them evince the intention to have been to vest the trustee with the trust estates for the objects to be obtained by the creation of the trusts. What appears to have transpired fully warrants this conclusion. (*Munoz* v. *Wilson*, 111 N. Y., 295, 303–305 ; *Scrugham* v. *Wood*, 15 Wend., 545 ; *Wallace* v. *Berdell*, 97 N. Y., 13.)

The plaintiff's object by this action was to obtain a judgment setting these deeds aside as fraudulent against her, she having been thereby deprived of an estate in dower in this property. But neither the assertion of title by the grantor, before or after his marriage with her, nor his continued control of the property, can be attended with that effect. For the title had become vested in the trustee prior to any negotiation or conference between the grantor and the plaintiff on the subject of marriage. And it was not made to appear that it had been conveyed in contemplation or expectation of marriage either with the plaintiff or any other person. Neither

was it proved that the grantor was even acquainted with her when the deeds were executed, acknowleged and recorded.

The facts which proved sufficient to rebut the inference of delivery in the cases of *Knolls* v. *Barnhart* (71 N. Y., 474) and *Dietz* v. *Farish* (79 id., 520), were widely divergent from those appearing here. They were inconsistent with any preceding delivery. While here even the continued control of the grantor was not specially at variance with the fact that the deeds had been delivered to the trustee, for he was entitled to the net rents and profits during his life, and taking them himself fulfilled that obligation. What he did was in harmony with the benefits reserved for himself. And the same answer is applicable to his act in contracting for improvements. That had been contemplated by the provisions contained in the deeds themselves; and neither the insurances, nor the payment of taxes supported the charge of bad faith against him. For the insurances continued after the deeds were made had been previously so effected, while the other policy was in the name of the trustee as owner. And the taxes were, by the deeds, made a charge upon the rents and profits realized from the property.

The most that could be affirmed against the title was the representation of the grantor that he was its owner. But he could not divest it or subject it to rights or equities in favor of the plaintiff by his unfounded claim of title. That had been placed by the deeds beyond his power, and no statement of his could restore his dominion over the land. The deeds were not void on account of the creation of a trust estate for himself for the term of his natural life. The plaintiff was not and is not a creditor of the grantor. And it is in favor of creditors only that the statute avoids trusts of this description. (3 R. S. [6th ed.], 142, § 1.)

The legal principle to which the plaintiff appeals will justify the avoidance of deeds executed previous to marriage with the intention thereby to deprive the wife of her dower in the land conveyed. But the cases brought within the range of this principle have been disposed of upon the effect of the fact that the conveyances were made after the parties had arranged for their future marriage, from which an intent to defraud the wife could be inferred. (*Youngs* v. *Carter*, 50 How., 410; *Babcock* v. *Babcock*, 53 id., 97; *Pomeroy* v. *Pomeroy*, 54 id., 228; *Youngs* v. *Carter*, 10 Hun, 194.)

The facts of this case fail to place it within this principle or either of these authorities.

The deeds, though voluntary, and for the.final benefit of the children of the grantor, appear to have been made in good faith. There was clearly no intention to defraud her in their execution and delivery, for the grantor was under no obligation then to her, either sentimental or legal. And when they are free from the taint of fraud, voluntary deeds, resting on the natural consideration of love and affection, will be sustained by both law and equity. (*Young* v. *Heermans,* 66 N. Y., 374, 381; *Dygert* v. *Remerschnider,* 32 id., 629, 650.) And where their execution and delivery have preceded the engagement of marriage, or the anticipation of that engagement, they have been held entitled to be maintained by the courts. (*Littleton* v. *Littleton,* 1 Dev. & Bat. [N. C. Repts.], 327; *McIntosh* v. *Ladd,* 1 Humph. [Tenn.], 459.) These cases arose under statutes enacted for the protection of the wife, by the application and enforcement of the principle which has been stated. And in their theory sustain the deeds now in suit.

There were various offers of evidence made, which the court, on objection, rejected. But it is reasonably plain that the plaintiff has not been injured by these rulings against her. If it had been proved that the grantor's estate turned out to be insolvent, or that he had claimed to be the owner of the property, or that the trustee had declared the deeds, after his decease, to be formal only, the evidence could not have affected the rights of these children as they had become fixed by the making and recording of the deeds.

The case was disposed of as the law required it should be and the judgment should be affirmed.

VAN BRUNT, P. J., and BRADY, J., concurred.

Judgment affirmed.