ALBERT ROLL ET AL., PLAINTIFFS IN ERROR, v. ADAM REA, DEFENDANT IN ERROR.

1. Under the testimony in this case (see *Roll* v. *Rea*, 21 *Vroom* 264), the question whether a certain deed had been delivered, was one of fact for the jury.

2. There is not, in favor of persons who have themselves never exercised ownership, any presumption of law that the title conveyed by a deed to another person, under which no entry was made during more than twenty years, had been extinguished.

3. After a cause has been summed up to the jury, it is too late to object that secondary evidence of the contents of a deed was admitted without sufficient proof of search for the original.

4. The proviso in section 56 of the Chancery act (*Rev.*, p. 113) applies to decrees for deficiency in foreclosure suits.

5. In order to avail themselves of the statutory provision, that an unrecorded deed shall be void against judgment creditors not having notice thereof, persons interested in decrees in Chancery, to which the proviso in section 56 of the Chancery act extends, must comply with that proviso.

6. The court need not charge the jury on a legal proposition which is not pertinent to the issues of fact submitted to the jury.

On error to the Middlesex Circuit.

For the plaintiffs in error, *Alan H. Strong.*

For the defendant in error, *Abraham V. Schenck.*

The opinion of the court was delivered by

DIXON, J.   This cause was discussed in the Supreme Court, in an opinion printed in 21 *Vroom* 264.   After the decision there rendered, the case was again tried in the Middlesex Circuit, where the defendant obtained a verdict and judgment. Subsequently the plaintiff died, and her husband and heirs now prosecute this writ of error to reverse the judgment. The facts stated in the opinion above mentioned were again proved on the last trial, and, to avoid repetition, reference is made to that opinion therefor.   The legal questions raised by the assignments of error will be considered in the light of those facts.

The first assignment of error is upon the refusal of the court to charge that there was no sufficient evidence of the delivery of the Lary deed, and upon the charge that the delivery was a question for the jury.

On these points this court approves the views expressed in 21 *Vroom* 271.

The additional suggestion now made on behalf of the plaintiffs in error, that, as there was no entry under the Lary deed for over twenty years, title under it, even if the deed was delivered, should be presumed to have been extinguished, cannot benefit the plaintiffs, because their predecessors never exercised ownership over the property.   Only in favor of

those who have acted as proprietors is this doctrine available as a rule of law. *Den* v. *Wright*, 2 *Halst.* 175; *Knolls* v. *Barnhart*, 71 *N. Y.* 474; *Fletcher* v. *Fuller*, 120 *U. S.* 534. As to others, the failure to enter is merely a fact of more or less weight according to circumstances, on the question whether the deed was actually delivered.

The second assignment of error is that the court refused to charge the jury that there was no sufficient evidence of search for the Lary deed to admit secondary evidence of its contents, but charged that there was sufficient evidence of such search.

This assignment must be overruled for this, if for no other reason—that the question whether proper search had been shown was one to be dealt with by the court itself, on the admission or exclusion of the secondary evidence. The bills of exception disclose much secondary evidence of the contents of the deed brought out on the examination of witnesses by the counsel of the plaintiff, as well as by counsel of the defendant, and no exception was taken on either side to the admission of such evidence, nor was any motion made to overrule it. By this course, objections to the mere admissibility of secondary evidence were waived pending the taking of testimony, and it was too late to interpose them after counsel had summed up before the jury. Had they been offered and insisted upon in due season, they might have been obviated by further proof of search. Besides, we are not satisfied that the objection, even if seasonably presented, should have prevailed.

The next assignment of error is directed against the refusal to charge that the plaintiff was entitled to recover one undivided half of the land because the Mutual Building and Loan Association, under whose decree in Chancery the sheriff had, on April 11th, 1877, conveyed the interest of Sarah E. Dey to James H. Wallace, the plaintiff's grantor, had no notice of the Lary deed at the time the decree was perfected in June, 1876, and against the charge that the sale would convey no better title than Sarah E. Dey had.

The argument in support of the request to charge is that

the complainant in the decree had the same right as a judgment creditor at law; that, by force of the statute (*Rev., p.* 155, § 14), the Lary deed being unrecorded, was void as against judgment creditors not having notice thereof, and that, consequently, the complainant, by a sale under its decree, would transmit a title unaffected by the Lary deed, even though the purchaser had notice of it.

The strength of this argument must, of course, depend upon the statutes, for neither of the premises is valid by the common law.

To sustain his first proposition, counsel for the plaintiffs relies on section 56 of the Chancery act (*Rev., p.* 113), which enacts that all decrees and orders of the Court of Chancery whereby any sum of money shall be ordered to be paid by one person to another shall have the force, operation and effect of a judgment at law in the Supreme Court from the time of the actual entry of such judgment. This section, however, contains a proviso that no decree shall, as against any person not a party thereto, become a lien upon or bind any lands not specifically described in such decree or in the bill of complaint on which the same is founded, until some party interested shall have filed an abstract of such decree in the office of the clerk of the Supreme Court. The land now in dispute was not described in the decree under consideration nor in the bill on which it rested, nor was an abstract of that decree filed in the Supreme Court clerk's office, and the persons against whom it is now invoked were not parties to it. If, therefore, this proviso is applicable, the section cited cannot aid the plaintiffs.

Counsel contends that the proviso is not applicable because the so-called decree is not really a decree, but is only an order, ascertaining the amount of the deficiency for which Sarah E. Dey was responsible after the sale of the mortgaged premises had failed to realize the mortgage debt. But a sufficient answer to this is that section 76 of the same statute, which confers upon the Chancellor the authority to make such an adjudication, speaks of his judgment as a decree, and it is

reasonable to conclude, in the absence of clear indications to the contrary, that the same terms express the same sense throughout the statute. In substance, also, the adjudication is a final decree, settling definitely and conclusively the obligation of the defendant. Moreover, it has repeatedly been declared to be a decree of which an abstract may be filed under the fifty-sixth section above mentioned. *Mutual Life Insurance Co.* v. *Southard,* 10 *C. E. Gr.* 337 ; *Dawes* v. *Wheeler,* 16 *Vroom* 67 ; *Mutual Life Insurance Co.* v. *Hopper,* 16 *Stew. Eq.* 387 ; *S. C. on appeal,* 17 *Id.* 604.

Counsel further urges that the object of the provision requiring decrees to be docketed was merely to facilitate notice· to persons thereafter dealing with the lands to be charged, and therefore it does not reach either Lary or the present defendant, whose rights, if any, were obtained before the decree was rendered. But the natural signification of the language of the provision is not at all unreasonable, being in substance that, if the parties interested in such decrees wish them to bind extraneous lands against any persons whatsoever other·than·parties to the decrees, the decrees must be docketed. Such a regulation is not in any respect objectionable, and the· statutory injunction is too explicit to admit of any derogation from its force because of what may be supposed to have been the legislative design.

Our conclusion is that the decree in question never gave to the complainant therein the *status* of a judgment creditor against whom Lary's unrecorded deed would be void, and hence the sale under that decree passed title only in accordance with the provisions of section 64 of the Chancery act (*Rev., p.* 115) and section 7 of the statute regulating sales under execution (*Rev., p.* 1043)—that is, it conveyed the estate to which Sarah E. Dey was entitled at its date, as fully as if she herself had executed the deed. Since we must assume that Wallace, the purchaser, had notice of the Lary deed, the sale did not affect that outstanding title.

It was on this assumption that the language of the charge was used, when the judge said that the sheriff's deed would

convey no better title than Sarah E. Dey had, for in a subsequent clause he explicitly stated to the jury that, if Wallace had no notice of the Lary title, his conveyance to the plaintiff would give her a good title for one-half of the land.

Another assignment of error is on the refusal of the court to charge that there could be no presumption of a release from Cotheal or Roll or Dey to the parties in possession of the land.

The difficulty with the request to charge thus refused is that it had no pertinency to the issues submitted by the court to the jury. The court, in effect, instructed the jury that the defendant had no title which would bar the plaintiff, and that the questions for them to decide were whether the Lary deed was delivered, whether the plaintiff had notice of that fact before she received her deed from Cotheal, whether Sarah E. Dey had like notice, and whether Wallace had such notice before he purchased. The verdict of the jury was thus made to turn on the inherent weakness of the plaintiff's title, and in considering that matter any suggestion as to a release to the defendant or his predecessors was irrelevant. No injury could be done to the plaintiff by the refusal to charge this request.

Finally, error is assigned upon an alleged misstatement in the charge as to the Lary note. The language of the judge scarcely seems to be inaccurate. Its fair import is only that the amount of the note was charged as cash by Cotheal against himself in his account with his *cestuis que trust,* and this is true. At any rate, if there was danger of misapprehension, it was at once removed by the judge's reading to the jury the account to which he had referred.

We find no substantial error in the record, and the judgment should be affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, DIXON, GARRISON, GUMMERE, LIPPINCOTT, MAGIE, REED, VAN SYCKEL, BOGERT, BROWN, KRUEGER, SIMS.   13.

*For reversal*—None.