(43 Misc. Rep. 520.)

## SCHREYER v. SCHREYER et al.

(Supreme Court, Special Term, New York County. May, 1904.)

1. PLEADING—ESTOPPEL.

　　Where plaintiff in an action for partition set up a trust deed as one of his muniments of title, and introduced it in evidence, he could not thereafter be heard to say that it never became operative.

2. TRUST DEED—VALIDITY—CONTINUED DOMINION OF GRANTOR.

　　Where a trust deed granted property to the trustee, to collect the income and pay the same to the grantor, the continued exercise by the grantor of control over the property after the execution of the deed did not affect its validity.

3. SAME—DELIVERY—EVIDENCE.

　　A recital in a trust deed that it was delivered, together with an acknowledgment of its execution by the grantor and the trustee, and its record at the request of a stranger, was sufficient to establish its delivery, in an action of partition in which plaintiffs set up and relied upon the trust deed.

4. SAME—ESTOPPEL—RECEIPT OF INCOME.

　　The owner of realty conveyed it in trust under a provision that the trustee should receive the rents and profits, pay them to the grantor for life, and upon her death convey the property to her surviving children, and the issue of any such as might be deceased. The deed provided that the grantor might revoke the trust, in writing, with the consent of her husband; and it was also provided that the trustee might resign, without authorization by the court, and become thereby released from liability. The grantor's husband died before the trust was revoked, and thereafter the trustee reconveyed the property to the grantor, who afterwards died, devising her residuary estate to her executor in trust to pay the rents to her children during minority, and at the majority of the youngest to divide the principal among them equally. Under a provision authorizing them so to do, the executors sold the property which had formerly been conveyed to the trustee, and reconveyed by him, and paid the income of the purchase price to the children of testatrix. Held, that the mere receipt of the income of the purchase money by the minor children would not estop them from asserting title to the premises.

5. SAME—CONSTRUCTION.

　　The trust deed operated to create an express trust for the benefit of the grantor, and a power in trust for the benefit of the children surviving her, and the issue of those which she survived.

6. SAME—REVOCATION BY GRANTOR.

　　The grantor had no power after the death of her husband to terminate the trust.

7. SAME—RECONVEYANCE BY TRUSTEE.

　　The trustee, however, had power to do so by reconveyance, which was not conditional upon the consent of the grantor's husband, and his reconveyance vested the grantor with absolute title, free from any trust in favor of her husband.

Action by John Schreyer against John F. Schreyer and others. Judgment for plaintiff.

Alexander Thain, for plaintiff, and for John F. Schreyer and Mary Schreyer, defendants.

Alden & Carpenter, for defendants Elizabeth, John F., and William Gibbins.

FITZGERALD, J. This is an action for the partition of certain real property, in which, as permitted by section 1543 of the Code of Civil Procedure, the titles of the respective parties are controverted, and may be determined. The plaintiff claims an undivided three-fourths interest therein in fee, as tenant in common with the defendant Schreyer, which assertion of title all of the defendants except the defendants Gibbins, being mortgagees of the plaintiff, are jointly interested in upholding, while the defendants Gibbins, one of whom is an infant, claim to be the owners, as tenants in common, of the entire fee in the premises. It is conceded by all that on July 8, 1889, one Henrietta E. Guldenkirch (formerly Gibbins), the devisor of the grantor of the plaintiff, and the mother of the defendants Gibbins, was the owner in fee of the premises. On that day, by deed duly acknowledged and subsequently recorded, she conveyed the premises, for a nominal consideration, to one James L. Lowrey, in trust to receive the rents, issues, etc., thereof, to repair and improve the same, to insure them against loss by fire, to discharge liens and incumbrances thereon, to borrow money on the security thereof for that purpose, and to pay the net income therefrom to the grantor during her natural life, and upon her death to convey the property to such of her children as she might leave surviving, and to the issue of any predeceased child or children; the said issue to take the shares their respective parents would have taken if living at the death of the grantor. The grantor in the said deed expressly reserved to herself the power of revocation and termination of the said trust by written notice executed as conveyances of real estate are required to be executed, but, however, upon the written consent thereto of her husband, executed in the same manner; and the trustee agreed, on receipt of such notice and consent, to convey the premises to the person or persons appointed and designated therein, in which event it was provided that he would be relieved from further liability under the trust without judicial authority or resort to legal proceeding. The trust was accepted upon the reservation and condition expressly stated in the deed that the trustee might, at any time he desired, resign and surrender the trust, and reconvey the property to the grantor, without judicial authority or resort to legal proceeding, and thereby relieve himself from any liability thereafter by reason of the trust.

The husband of the grantor died January 6, 1890, without having given the written and formally executed consent to the exercise by the grantor of the power of revocation and termination prescribed by the terms of the deed of trust. Subsequently the trustee, describing himself as such, undertook to reconvey to the grantor of the trust individually, for a nominal consideration, the premises in question, by a deed dated, acknowledged, and recorded on August 4, 1891, reciting the former conveyance to him in trust; stating that the trustee desired to

resign and surrender the trust and to reconvey the premises, and that the grantor of the trust had notified the trustee that she had revoked and terminated the trust. Subsequent to said reconveyance the grantee named therein died, leaving, her surviving, three children, the defendants Gibbins, and leaving a last will and testament by which, after specific bequests of personal property, she devised and bequeathed in trust to her executor and trustee, the defendant Pattison, her entire residuary estate, to receive, collect, and pay the rents and profits to her said three children during their minority, and to divide the same among them, in equal shares, upon the attainment to his majority of the youngest child. Subsequently the said executor and trustee conveyed the premises for the expressed consideration of $10,000 to the plaintiff by a deed reciting the said will, and stating that the conveyance was made under the power of sale contained therein. The said consideration was paid in cash and by a purchase-money mortgage for $5,500, which was subsequently discharged by the payment of $4,000 cash and the execution and delivery of a mortgage for $1,500 now held by the trustee. The executor has duly accounted and has been discharged as such; his account and vouchers showing that the said children have received and are receiving the income of the purchase money paid by plaintiff for said premises, and that he holds a balance of the estate of $350,962 as trustee, subject to the trusts declared by the will.

The plaintiff contends that, either by the failure of the trust deed to become operative because of the neglect of the trustee to do anything under it, and because of the grantor's continued exercise of control over the property, some evidence of which was offered, or by the terms of the trust deed, reserving the power of revocation and termination by the grantor thereof, and providing for a reconveyance by the trustee, and by the deed of reconveyance delivered by the trustee to the grantor of the trust, in which the exercise of the power of revocation and termination of the trust is recited, the latter individually remained or again became the owner of the entire fee in the premises, which she could and did devise by will to her executor and trustee in trust for her children, who are now estopped, by their acceptance of the income from the purchase money paid for said premises by the plaintiff to the said executor and trustee, from questioning the validity of the title on the conveyance thereof to the former by the latter under the power of sale contained in the will of the grantor and testatrix. On the other hand, the defendants Gibbins contend that the trust deed created an express trust for the benefit of the grantor and a power in trust for themselves, her children; that, in view of the failure (other than as appears from the mere recital in the deed of reconveyance) of the grantor of the trust to exercise, with the consent of her husband, in the form and manner prescribed by the deed of trust, the right and power of revocation were lost, and that the express trust and the power in trust became irrevocable on the death of the husband; that the trust deed did not contemplate that the deed of reconveyance should, and the deed of reconveyance did not and could not, terminate the trust or affect the power in trust, but, being in contravention of the trust, was utterly void and ineffectual to pass title; that whether the reconveyance by the trustee to the grantor did or did not constitute the latter a substituted trustee of the power in

trust for the benefit of the children, in the former of which cases she could not and did not execute the power in trust by will, the statutes of the state on the death of the grantor immediately vested the title to the premises in the children, who, by reason of their infancy, and in the absence of their fraud or misrepresentation, were not estopped by their acceptance of the income of the purchase price of the premises paid to their trustee by the plaintiff.

There is no force in the plaintiff's contention that the trust deed never became operative because of a failure to deliver it, or of the trustee's neglect to do anything under it, and of the grantor's continued exercise of complete control over the property. Indeed, the plaintiff cannot be heard to question it, to deny the existence of the facts assumed by it, or of the creation of the trusts declared thereby, for in his complaint he made it one of the foundations of his title, and he introduced it in evidence as part of his case. Bennett v. Garlock, 79 N. Y. 302, 316, 35 Am. Rep. 517. However, there is no proof that it was not delivered. On the other hand, the recital therein that it was sealed and delivered in the presence of two witnesses, the acknowledgment of its execution by the grantor and the trustee, and the subsequent recording thereof at the request of a stranger thereto, indicate conclusively, in the absence of proof to the contrary, its delivery. Adams v. Adams, 21 Wall. 185, 22 L. Ed. 504; Rathbun v. Rathbun, 6 Barb. 98. Nor can the continued control of the property and the collection of the rents thereof by the grantor of the trust be urged by the plaintiff against the operation of the trust deed, for these may have been done "at the request or with the permission of the trustee—a very natural agency, since the rents were to be paid to her." Bliss v. West, 58 Hun, 71, 11 N. Y. Supp. 374, affirmed in 132 N. Y. 589, 30 N. E. 868; Wallace v. Berdell, 97 N. Y. 13, 25. Nor can it be successfully claimed that the express trust and the power in trust were revoked and terminated by the notice from the grantor and the consent of her husband, in the form and manner prescribed by the trust deed. That notice and consent were, by the deed of trust, required to be in writing, and executed by the grantor and her husband "in the same manner as conveyances of real estate are required by law to be executed"; that is, under seal, and subscribed by the party or parties making the same. Furthermore, under the Revised Statutes (1 Rev. St. [1st Ed.] p. 736, part 2, c. 1, tit. 2, § 122), the consent of the husband to the execution of the power of revocation must have been expressed in the instrument executing the power, or in a written certificate thereon, which instrument or certificate must have been signed by the husband, whose consent was made necessary; and by section 273 of the real property law (Laws 1896, p. 617, c. 547) the instrument containing the revocation must have been recorded in the office in which the instrument containing the power was recorded. No such written consent signed by the husband of the grantor, and no record thereof, were produced by the plaintiff; and it must be held, upon the evidence, that the husband died without giving the same. It cannot be contended that because the husband's connection with the deed of trust may be said to be merely nominal, because he was not a party thereto, took no beneficial interest thereunder, and never assented to the conditions thereof, including that requiring his consent, his

consent to the exercise of the reserved power of revocation and termination of the trust was unnecessary and immaterial, and that his death without having given the formal written consent required did not affect the exercise by the grantor of the said power recited in the deed of reconveyance. Whether she inserted the provision requiring her husband's consent to validate the trust and the power in trust by overcoming the provision of the statutes that an express trust reserving an absolute power of revocation creates no trust, but leaves the grantor the owner in fee, so far as the rights of purchasers and creditors are concerned (1 Rev. St. [1st Ed.] p. 733, part 2, c. 1, tit. 2, § 86), or for family reasons, it is sufficient for the court that the grantor of the trust, while the absolute owner of the entire fee, of her own volition provided in her solemn deed of trust that the power of revocation thereof reserved by her should not be absolute, but conditional upon the written consent formally expressed of her husband thereto. The reserved power could therefore be exercised only with that consent, as prescribed by the trust deed (dictum in Barnard v. Gantz, 140 N. Y. 249, 35 N. E. 430); and by the death of the husband, without having given such consent to the exercise of that power, the right of the grantor herself to revoke or terminate the trust was lost forever. "If the person whose consent is necessary [to the execution of a power] die before the execution of the power, and without having assented, the power is gone, although his death was the act of God. * * * There is no provision of the Revised Statutes that changes this well-established rule of the common law." Barber v. Cary, 11 N. Y. 397, 402. Section 154° of the Real Property Law (Laws of 1896, p. 583, c. 547), modifying this rule, took effect subsequent to the death of the husband; and it was held in Gulick v. Griswold, 160 N. Y. 399, 54 N. E. 780, that the said rule applied where the death of the third person whose consent was required occurred prior to the passage of the real property law.

Again, apart from the question of the necessity of the consent of the husband, the mere recital in the deed of reconveyance that the grantor of the trust had notified the trustee that she had revoked and terminated the trust raises no presumption of the exercise of the power of revocation in the form and manner prescribed by the trust deed. It is the fact of the exercise of the power, and not the mere recital of it, that counts, and the latter is immaterial. Briggs v. Davis, 20 N. Y. 15, 22, 75 Am. Dec. 363. Again, because of their infancy at the time of all of the transactions, and in the absence of any fraud or misrepresentation on their part, the defendants Gibbins, one of whom is still an infant, are not estopped from asserting title to the premises by their receipt from their trustee and acceptance of the income of the purchase moneys paid by the plaintiff for said premises. In Ackley v. Dygert, 33 Barb. 176, it was held that "an infant heir is not, by accepting the money arising from her sale of her estate, and saying she is satisfied with it, after becoming of age, estopped from denying the validity of the sale." It is true that in that case (an action of ejectment) the court said it was unnecessary to determine what a court of equity would decree in a proper action in relation to the moneys received by the infants. See, also, Smith v. Baker, 42 Hun, 504, 505; Spencer v. Carr, 45 N. Y. 406, 6 Am. Rep. 112.

The only question remaining for consideration is that concerning the nature and legal effect upon the rights of the parties herein, first, of the provision of the trust deed that the trust was accepted upon the reservation and condition that the trustee might, at any time he desired, resign and surrender the trust, and reconvey the property to the grantor of the trust, without judicial authority or resort to legal proceeding, and thereby relieve himself from all subsequent liability; and, secondly, of the deed of reconveyance by the trustee, executed and delivered in accordance with said provision. The court is commanded by the statute, in its construction of that instrument, to ascertain and enforce the intention of the party executing the same, so far as that is possible, and in so far as it is not opposed to any established principle of law, does not violate any statutory enactment, or contravene any rule of public policy. It seems to me that such intention is easily ascertainable, and that in view of the nature and extent of the interest in the trust property of the cestuis of such powers in trust, as defined by the courts of this state, the enforcement of that intention by sustaining the title founded on the deed of reconveyance is not only equitable, but required by law. It is evident from the trust deed that the grantor, who was the absolute, unqualified owner of the property, with full powers of control and disposition, and with the right to impose such restrictions upon the alienation thereof as were not contrary to law, intended thereby to retain the beneficial ownership of the property for her life, by reserving for herself the right to the net income thereof during that period, to reserve the right or power of revocation and termination of the trust and of the power in trust, and of appointing and designating the person or persons to whom the trustee should convey, which right and power were to be expressed in written notice, and to be exercised with the consent of her husband expressed in like formal manner, and to reserve the right to take a reconveyance of the property from the trustee when the latter decided to resign, surrender the trust, and so reconvey. These provisions indicate clearly her intention to retain ownership and control of the property, with the exceptions only that the trustee should hold it subject to the execution of the trust and of the power in trust, or that, if she wished it conveyed by the trustee to any person other than herself, the consent of her husband thereto should be obtained—very natural provisions—since her heirs, viz., the children and the issue of any predeceased children, for whom the power in trust was granted, and her husband, with the possibility of obtaining an estate by curtesy therein, were the only persons interested in a conveyance of the property to such other person. She was willing that the property should be held subject to the trust for her benefit during her life, and to the execution thereafter of the power in trust for the benefit of those who would be, in the ordinary course of events, her heirs, while reserving the power of revocation and termination of the trust by reserving the right to direct a conveyance by the trustee to other persons, to restrict the exercise thereof by the consent of her husband, who would ordinarily be mindful of the interests of herself and their children, as the circumstances of the case would require; and she was willing that her trustee should have the option of surrendering the trust, but only in one way—by a reconveyance to herself—to which the consent of her

husband was not necessary, and which would leave her free again to dispose of the property as she wished, and as seemed proper for the interests of those dependent upon her, whom, in fact, she protected and secured by her subsequent will.

Under our statutes, the effect of the trust deed was to create an express trust for the benefit of the grantor, and a power in trust for the benefit of her children; the latter result being declared by 1 Rev. St. (1st Ed.) p. 729, part 2, c. 1, tit. 2, §§ 58, 59 (Real Property Law, p. 572, § 79). The trustee was vested with the whole title, subject to the execution of the trust, which the grantor could enforce in equity (1 Rev. St. [1st Ed.] p. 729, part 2, c. 1, tit. 2, § 60), but which she could not alienate (Id. p. 730, § 63), even with the authority of the court. Lent v. Howard, 89 N. Y. 169. She retained, however, every estate or interest embraced in the trust and not otherwise disposed of (1 Rev. St. [1st Ed.] p. 729, part 2, c. 1, tit. 2, § 62), with the right of declaring to whom the property should belong in the event of the failure or termination of the trust, or to grant or devise the property, subject to the execution of the trust, to a grantee or devisee who would have a legal estate as against all persons, and, except the trustee, those claiming under him (1 Rev. St. [1st Ed.] p. 729, part 2, c. 1, tit. 2, § 61).

It must be conceded, under the authority of Watkins v. Reynolds, 123 N. Y. 211, 25 N. E. 322, that, in the absence of any provision for, and of the actual execution and delivery of, a deed of reconveyance to her by the trustee, and in view of her failure to exercise the power of revocation with the consent of her husband, the statute would, upon her death, immediately execute the power, and vest the legal and equitable title in her children, without the necessity of an actual, formal conveyance to them by the trustee. It seems to me, however, that the provision in the trust deed for a reconveyance by the trustee, and an actual reconveyance, in accordance therewith, before the death of the grantor, render the principle of the last-cited case inapplicable, and prevented the operation of the statute, and the subsequent devise of the property by the grantor of the previous trust therein make the following language of the court in Townshend v. Frommer, 125 N. Y. 466–468, 26 N. E. 810, applicable:

"From the language of the trust clause, it is evident that the grantor, Mrs. Curtis, desired, in the first place, to assure to herself, by placing the estate in another's hands as trustee, beyond the risks attendant upon her husband's acts or business, and beyond his influence and control, a life income from the estate; and, in the next place, after her life had ended, if any of her children should then be living, or any survivors of deceased children, that they should have it divided among them. She could have effected this latter purpose by a direct gift, or grant in remainder, contained in the instrument, or she could do it, as it was done, by adding another trust to that already created, namely, by empowering her trustee to convey the lands after her decease, in the due proportions, to her children. There does not seem to be any confusion in the thought that she as deliberately purposed, as she as deliberately expressed herself in language, that during her life the whole estate should be in the trustee, for her sole use and benefit, and that all other interests should be in abeyance until the happening of her death, by which the trust estate would terminate, as the event upon which limited, and when her trustee might dispose of it by conveying it to the then ascertained members of a class named. Has she not intended, in so alienating her estate, while securing to herself a life income, as well, to assure herself that after her death, and not until then, those of her children who survived her, or the descendants of any pre-

deceased children, should be benefited by it, and derive enjoyment or support from its possession? What rule of law prevents our affectuating an intention which is so cogent and coercive, and compels us to hold that, from the delivery of the grant to the trustee, the children of the grantor were vested with a legal estate in remainder? Why shall we not say that here the grantor intended to, and did, create a trust to convey the estate to certain persons, who were only to be determined upon the happening of the event of her death —a disposition executory, and not executed, in its nature, in the ordinary use of these terms, and enforceable as a power in the trustee, however unnecessary to the vesting of the estate, at the time when the power might be exercised by the trustee, the actual exercise of the power would be? Because the statute would operate to execute the use in the intended beneficiaries of the power does not answer the question. Though the statute will execute the use, when the trustee might or should execute the power, the statute does not operate before that time. If the trustee cannot, by the terms of his trust, exercise his power until the happening of the event which liberates it, the statute is not previously moved. It cannot operate upon the subject of the power before the power, by its terms, is itself operative. Now, this is just the difficulty which such a power in trust raises in the way of the vesting of a future estate. It is executory, in the sense of calling for the performance of an act in the future which the donor might have performed, but which he directs to be done after his death by the trustee, in a certain mode, to be determined at the time of performance by the facts then ascertained. It is necessarily inoperative until the happening of the future event."

The court further says at page 469, 125 N. Y., page 811, 26 N. E.:

"Where such a power in trust follows in a grant upon the creation of an authorized express trust, I think the true principles of construction underlying the question of interests to be that during the continuance of the preceding trust estate the whole title is in the trustee, subject to the execution of the trust, and that the reversion is in the grantor and his heirs, subject to the execution of the power in trust; that the disposition of the estate after the grantor's death, by way of a power in trust to convey to members of a class who may then be ascertained, gives to any then existing individuals who might fall within the description of the class an interest purely contingent as well as future in its nature; and that the destruction of the estate in the grantor and trustee, as by proceedings in equity to foreclose a prior mortgage, destroys it, as to the intended beneficiaries of the power in trust, by preventing the operation of both power and statute, through which alone their interests would come."

And at page 470, 125 N. Y., page 811, 26 N. E.:

"Our conclusion is that at the time of the foreclosure proceedings the then living children of Mrs. Curtis did not have any estate in the lands in question, and their equitable interests were all in abeyance. The whole estate was transferred to the trustee, and every interest not embraced in the trust remained in the grantor. Until her death terminated the estate in the trustee, no estate could vest in any others. The happening of the event which would render the trust power to convey enforceable in favor of persons then ascertained would set in operation the statute, and vest the estate in those persons; but, as meanwhile she and her trustee had been divested of the estate, none remained to which future interests might attach."

In Bennett v. Garlock, 79 N. Y. 302, 35 Am. Rep. 517, the question concerned the nature and tenure of the plaintiff's interest in a trust estate which her parents had created by deed to trustees upon trusts to sell for the payment of debts, to apply net profits for the support of the grantors during their lives and the life of the survivor of them, and to hold the residue for such persons as shall be the right heirs of the grantors at the time of the death of the survivor of them. It was held that she took merely an equitable interest in the estate, and that, if the estate of the trustees is defeated in any way, the remainder must be de-

feated, and the plaintiff's right barred, because it rests upon the same title. Whatever way it was conveyed to her—by the trustees themselves or by force of the statute—she took subject to the acts of the trustees. If by their neglect to consent an estate had been acquired by the defendant, or he had obtained an advantage which prevented the trustees from asserting their title, the plaintiff, standing in their place, is equally estopped and prevented.

It is contended that the provision of the trust deed providing for a reconveyance by the trustee did not contemplate and could not affect a termination of the trust, but only a resignation by the trustee, a surrender of the trust, and a reconveyance by the trustee, with the effect that he would be relieved from any further liability. It is true that the language employed is not as definite as it might have been for a full and accurate statement of the intentions of the grantor. But this contention is overcome by the construction which I have given to the trust deed, as above stated. The resignation and surrender were not to be affected by the reconveyance, which was a separate and independent act of the trustee, and contemplated by the trust deed. The conveyance, to the parties designated in the notice of and consent to the conditional power of revocation and termination reserved by the grantor, was to relieve the trustee from further liability under the trust, without judicial sanction, and the resignation, surrender, and reconveyance by the trustee were in like manner to free the trustee from all subsequent liability in like manner. The effect upon the liability of the trustee w_:s to be the same, and, indeed, would arise from any resignation and accounting up to the date thereof; and the parties evidently used the other language employed—the power to "revoke and terminate the trust, and to appoint and designate the persons to whom the property should be conveyed," and the right granted the trustee "to resign and surrender and reconvey the property"—with the intention that they should have the same effect upon the trustee's liability and the common effect of authorizing a transfer of the title, in one case, however, to the persons designated, and in the other to the grantor. Nor can it be contended that the reconveyance to the grantor by the trustee was contrary to the conditions of the trust, or in contravention thereof, and therefore ineffectual and void. The answer thereto is that, on the contrary, the trust was expressly granted and accepted subject to the condition that he might so reconvey. It is claimed, too, that the trustee could not resign his trust without leave of the court. It is held, however, in Cruger v. Halliday, 11 Paige, 314, that a trustee, after accepting the trust, must either be discharged from the trust by virtue of a special provision in the deed or will which creates the trust, or by an order or decree of the court of chancery, or with the general consent of all persons interested in the execution of the trust. The deed here does provide for resignation and for discharge from such liability as the court itself could decree, viz., from "further" or subsequent liability after the trustee made either the conveyance or reconveyance provided for by trust deed; and the provision for resignation and the rules of law applicable thereto are, so far as the title is concerned, separate and distinct from those providing for the reconveyance. Finally, there is no force in the contention of the defendants that the reconveyance to the grantor by the trustee

constituted the former the substituted trustee of the express trust and of the power in trust. The trust deed did not provide that the reconveyance should be made to her in trust. The reconveyance was not so made to her as trustee, but to her individually. To hold that she was a substituted trustee of the trust and of the power in trust would necessitate a finding that she was trustee of herself, to pay herself the net income of the estate during her life (something prohibited by the statute), and also trustee under the power in trust to convey the property on her death to her children and to the issue of any predeceased children (something that would be physically and legally impossible).

For these reasons, judgment must be rendered for the plaintiff to the effect that he and the defendant John F. Schreyer have title to the premises in fee simple as tenants in common, in the proportion of three-fourths and one-fourth, subject to the lien of the mortgages of the other defendants, as stated in the complaint, and to the dower right in one-fourth of the defendant Mary Schreyer. Costs must be awarded against the adult defendants Elizabeth and John F. Gibbins, who have so strenuously contested the title.