Orange,<br>March,<br>1834.<br><br>Barnes<br>vs.<br>Barnes.

---

## Proprietors of Braintree vs. Edward Battles.

Orange,<br>March,<br>1834.

A copy of the plaintiffs' charter, certified by the secretary of this state, or of New Hampshire, is admissible in evidence, upon proof that the original is not to be found in the office of the town clerk.

When a paper is by law within the custody of a particular officer, proof that it cannot be found in his office or custody, nor accounted for by him, is prima facie sufficient to let in secondary evidence of its contents.

A defendant who takes possession under a deed, which makes him a tenant in common with the plaintiff, cannot set up an outstanding title in a stranger to defeat the action.

In order to defeat an ejectment, by showing an outstanding title in a stranger, the title must be clearly and decisively established.

This was an action of ejectment, to recover lot number 65, in the first division in Braintree.   Plea, not guilty—issue to the court.

The plaintiffs in support of the issue on their part proved that there was a lot in Braintree called number 65, in the first division, and produced the record of a deed from Charles Brackett to the defendant of the said lot number 65.

The plaintiffs, also proved that defendant claimed to hold in severalty, the lot of which he was in possession by virtue of a deed from Charles Brackett, to the exclusion of all others.

The plaintiffs offered a certified copy of the charter of the

ORANGE,
March,
1834.

Proprietors of
Braintree
*vs.*
Battles.

town of Braintree, to which the defendant objected, the plain-tiff having no otherwise proved the loss of the original charter, than by proving that the town clerk had been in possession of the proprietors record for more than twenty years, and had not seen, nor could find said original charter—which objection was overruled and said copy admitted.

The plaintiffs here rested their case.

Defendant proved that Charles Brackett was an original proprietor of said Braintree, and that the defendant held said lot by deed from said Brackett.

The defendant then offered to prove by the records of the proprietors of Braintree, that the said proprietors did, on the 6th day of June, A. D. 1805, after appropriating various lots of land in said Braintree, to different persons, vote "to give to James Brackett all the undivided lands in Braintree that have not been given away before, in consequence of the loss of mills which he built in the early settlement of the town, by his making no expense to the proprietors in future;" together with evidence that said proprietors soon after deposited their records in the town clerk's office and held no further meetings for about twenty-seven years, and also evidence that said James Brackett soon after entered into possession of sundry parcels of said undivided lands by virtue of said vote, and has made the said proprietor no expense since the passing of said vote.

To the admission of the said records and other evidence the plaintiffs objected, and it was rejected by the court.

To the decisions of the court the defendant filed his exceptions, which being allowed and certified, the cause was passed to this court for revision.

*Nutting and Upham for defendant.*—Exception 1st.—That the Court admitted a *copy* of the charter without sufficient evidence of the loss of the original.

Exception 2d.—That the court excluded the proprietors' records and accompanying evidence.

The vote of the porprietors, assigning the land in question to Brackett, was a division *in fact*, and though not legal and binding at the time, has become binding by acquiescence for near thirty years.—*Stevens* vs. *Griffith*, 3 Vt. Rep. 448.

"Proprietors have a right to by vote to set apart a portion of their lands for public buildings, *or for any other purpose* manifestly for the interest and benefit of the proprietors."—*Abbott* vs. *Mills*, 3 Vt. Rep. 528.

ORANGE,
March,
1834.

Proprietors of
Braintree
vs.
Battles.

Proprietors of Braintree derived a benefit from this *conditional dedication*. Brackett had a just claim, which in consideration of this vote, he either discharged at the time, or has suffered to be barred by the statute.

They have acquiesced for near thirty years, till Brackett who has sold most of the lands for their full value, is dead, and his heir has sold the remainder, and absconded insolvent—*Abbott* vs. *Miller*.

The evidence offered was sufficient to warrant the jury in finding for the defendant *by possession*.

The vote purports to grant to Brackett all the remaining undivided land. The presumption is that the undivided land was one tract or parcel. The case shows that Brackett soon after went into possession under said vote, and has continued in possession of various parcels of said land till this time. "possession, under a grant, of part of an entire tract contained in such grant, is a possession of the whole tract."—*Putnam* vs. *Bowen*, 1 Caines 358.—*Pearsall* vs. *Thorp*, *D. Chipman's* Rep. 92.—*Hapgood* vs. *Burt*, 4 Vt. 159.

The evidence offered would justify the jury in presuming a subsequent valid grant from the proprietors.—*University* vs. *Reynolds*, 3 Vt. Phil. Ev. 118.—11 East 490 and 283.

*Smith and Peck for plaintiffs.*—1. The copy of the charter was admissible in evidence with out proof of the loss of the original, the plaintiffs not being entitled to the possession of it. The act of 1797, (Comp. Stat. 554—sec. 2.) requires that the charter of each town in the state shall be in the custody of the secretary of the state, and by him recorded with the further provision, that attested copies thereof shall be legal evidence &c. The copy of the charter was, therefore, properly admitted.

2. The evidence offered by the defendant was rightly excluded for several reasons. 1. The defendant is a perfect stranger, to the title and it does not appear that he is in any way connected with James Brackett, that is to say, he does not claim under him. But, secondly, if he did, it would not alter the case. The vote of the plaintiffs passed no title to James Brackett, they having no authority to convey land by vote under such circumstances, especially, when it does not appear that any notice was given in the notice calling the proprietors' meeting that this subject was to be acted on.

ORANGE,
March,
1834.

Proprietors of
Braintree
vs.
Battles.

3. If the parol evidence offered had been admitted, it would not, as is contended, have laid the foundation for the court to presume a title in the defendant. Such presumptions are only made to quiet a long continued possession.—4 Vt. Rep. 542.— 3 Stark 1201.—1 Vt. Rep. 53.

Here it is not shown, or offered to be shown, that James Brackett ever claimed or was in possession of the lot in question, or that he kept up the possession, for any length of time, of the tracts that he entered upon. But it is said by the defendants, that the court must presume that the land voted *J. B.* was all in one tract. This the court cannot presume. If such was the fact, it should have been stated in the bill of exceptions. But the fact is otherwise, and the exceptions show it to be so, for it states " that soon after passing the vote, *J. B.* went into possession of *sundry parcels* of said undivided land, by virtue of said vote."

4. The defendant has undertaken to make title from the plaintiffs, and having failed in consequence of the conveyance being void he cannot call on the court to presume a title in him.—4 Martin's Rep. 224.

The opinion of the court was delivered by

PHELPS, J.—This is an action of ejectment, in which the plaintiffs claim title to lot number 65 of the first division, in Braintree, as being comprehended in their original charter. The defendant claims title to the same, by virtue of a deed, from an original proprietor, as being no longer the common property of the proprietors, but as severed to an individual right. The case is very concisely stated, so much so indeed, that the real point in controversy is not readily apprehended. The only construction, which we are able to put upon it, is the one already stated, presuming an actual ouster of the plaintiffs by the defendant; for, in any other point of view, it is impossible to reconcile the verdict and judgment with the acknowledged fact, that C. Brackett, from whom the defendant derives title by deed, was an original proprietor of the township. In this point of view, the importance and bearing of these facts could not have been overlooked. The deed from C. B. to the defendant would, at all events, constitute him a tenant in common with the plaintiffs; and, assuming an actual ouster of the co-tenants, as the case seems to imply, the question clearly arises, whether the premises demanded are to be considered as still

ORANGE,
March,
1834.

Preprietors of
Braintree
vs.
Battles.

subject to the tenancy in common, or as severed to the particular right, under which the defendant claims.

Considering this to be the point in issue, it is difficult to conceive how the production of the charter could be important. The controversy seems to turn upon a mere question of severance, upon which the original charter could not be expected to throw any light.

As the case is stated, however, it would seem to be necessary for the plaintiffs, to produce the charter, in order to show that the defendant claimed under the same title with themselves, or to shew an independant title in themselves.

The question arises, whether a copy of the charter was admissible for the purpose. It does not appear that any exception was taken to the authentication of the copy, but the exception is, that no copy was admissible—that the original should have been produced. The admission of the copy was put upon the ground of the loss of the original, and the question seems to resolve itself into this, whether the proof of the loss was sufficient. Proof of the actual destruction of an instrument is not necessary to let in secondary evidence of its contents. From the nature of the case, proof falling short of this, must be received; and, in practice, when there is no ground of suspicions that the paper is intentionally suppressed, nor discernable motive for a deception, courts are extremely liberal, in regard to secondary evidence. In this case, there seems to be no reason why the plaintiffs should prefer the exhibition of an authenticated copy to that of the original.

As a general rule, it is enough that search has been made, in the proper place, and with the proper officer, for a paper, the custody of which is committed by law to a particular person, and that the paper cannot be found. In this case the town clerk was the proper keeper of this paper, as the keeper of the proprietory records; and it was proved, that the charter could not be found in his office, nor had it been seen there for twenty years. This was certainly enough prima facie. Proof that search was made in other places, not proper for the custody of the paper, and without any circumstances intimating that it might be found there, could not be required, nor would it have tended to prove the loss, if it had.

The only answer to this is, that by the statute of 1797, revised laws p. 554, these charters are directed to be deposited in the office of the secretary of state, which would intimate that

ORANGE,
March,
1834.

Proprietors of
Braintree
vs.
Battles.

the charter in question might be found there. This would render a search there necessary, before parol evidence of its contents could be received. But the evidence received was an authenticated copy, and, for ought that appears, was duly certified by the secretary of state; in which case, it is made evidence by the same statutes. At all events, as the contrary does not appear, it must be taken to have issued from that office, or from that of the secretary of state of New Hampshire, and in either case, it would be proper evidence.

The second exception relates to the evidence offered, to shew a title in James Brackett. Whether the evidence be considered sufficient for that purpose, is not very important. Whatever may have been the effect of the votes of the proprietors, as respects him, or of his possession of certain other lands, under those votes, it does not appear that he ever possessed the lot in question. But the main reason why the evidence is to be regarded as immaterial, is, that the defendant does not connect himself with that title. The defendant, claims under a deed from C. Bracket, who is stated to have been an original proprietor. Had the lot in question been duly severed to his right, the defendant would have made a good title to it; but this is not shown. If then the land be still common and undivided, the deed from C. B. makes the defendant a tenant in common with the plaintiffs; and it is very clear, that it is not competent for the defendant to resist the right of his co-tenants, by setting up an adverse title in a stranger.

The question however may be asked, whether, if the title of James Bracket be established, it does not defeat the action, by shewing the title out of the plaintiffs. Aside of the answer already given, viz : that the defendant would not be at liberty to set up such title, the question may be disposed of in another way. The supposed title of James Brackett is derived from the plaintiffs, and if not established, the title is left in them. In order then to defeat the action, in this way, the outstanding title must be most clearly and satisfactorily made out. The suit could not be defeated by the existence of a doubtful claim of title, on the part of a third person, in no wise connected with the title of either party. What then is the title of J. B ? It rests upon a vote of the proprietors, of very doubtful validity. That a majority of the proprietors have power to give away the common property, without the consent of all

ORANGE.
March,
1834.

Proprietors of
Braintree
vs.
Battles.

is a position, to say the least of it, doubtful. But it is very clear, that a vote of this doubtful character, of nearly thirty years standing, and unaccompanied by any possession of the land in question, does not afford that decisive evidence of title, which is necessary for the defendant's purpose.

Judgment affirmed.