IVY SMITH *v.* SETH D. SMITH and others.

Before the adoption of the C. C. P., no rule of law was more clearly settled than the rule that a purchaser at a sheriff's sale (the judgment and execution being regular) acquired the title of the defendant in the execution.

How far this rule has been changed since the adoption of the Code of Civil Procedure—*Quere?*

CIVIL ACTION, in the nature of Ejectment, for the recovery of a tract of land, tried before *Russell, J.*, at the Spring Term, 1874, of DUPLIN Superior Court.

On the trial in the Superior Court, the plaintiff showed a judgment in favor of Thos. S. Keenan, administrator, against one Blaney Williams, Ivy Smith and J. E. Smith, obtained in the late Court of Pleas and Quarter Sessions of Duplin county, at the January Term, 1868. Execution regularly issued thereon, returnable to April Term of said Court, issuing the 8th day of February, 1868, and was returned endorsed, "indulged by plaintiff."

Execution again issued from April Term, 1868; was placed in the hands of the sheriff, 2d May, 1868, who levied it on the land in controversy and sold the same in July, 1868,—the sale being postponed from day to day until the sale. The land was sold as the property of Blaney Williams, and purchased by the said Thos. S. Keenan, the plaintiff in the execution. The plaintiff then offered as evidence, the sheriff's deed to Keenan, dated 25th July, 1868, and a deed from said Keenan and wife, of date 16th November, 1868, all of which were duly proved and registered in April, 1869.

It was admitted on the trial that the defendants, the Smiths were in possession of the land in controversy, as the tenants of the other defendant, Williams.

The defendants then offered in evidence, a judgment in favor of the defendant Harper Williams, against the said Blaney Williams, obtained at the Fall Term, 1867, of the Superior Court. Execution issued on the 9th day of January, 1868, which was returned by the sheriff to the Spring Term, 1868, endorsed as follows: "Levied this execution upon the interest of Blaney Williams in 202 acres of land, situated," &c. "Returned to Court under ordinance of Convention." The defendants also showed that a *ven. ex.* issued on this levy, dated the 2d April, 1869, under which the sheriff sold the land, which was purchased by the defendant, Harper Williams, who took a deed from the sheriff, of date 17th day of February, 1873, and which was duly proved and registered.

It was agreed between the parties, that if, from the foregoing statement of facts, his Honor should be of opinion with the plaintiff, he should instruct the jury to return a verdict in his favor, with damages against the defendants; if otherwise, the jury should find for defendants.

His Honor being of opinion with the plaintiff, so instructed the jury, who returned a verdict in his favor against the defendants. Judgment in accordance therewith; appeal by defendants.

*Stallings*, for defendants.

*Kornegay*, contra, insisted :

1. The title of defendant in the execution, passes to the purchaser by the sale, from the time of the sale; and no subsequent sale will affect his title for the reason there is no title in the defendant to sell. *Bell* v. *Hill*, 1 Hayw. 95, decided in 1794. See 85th page.

2. In *Ricks* v. *Blount*, 4 Dev. 128, the Court say the rule laid down in *Bell* v. *Hill*, has never been questioned. The title passes to the first vendee and can never be defeated, but is valid for every purpose.

3. The same doctrine is laid down again in *Smith* v. *Spencer*, 3 Ired. 258 ; *Mardre* v. *Felton*, Phil. 279.

4. The Stay law of 1866 and also of 1868, unconstitutional. *Jacobs* v. *Smallwood*, 63 N. C. Rep. 112, and cases following. See also 8 Jones, 366.

5. The priority of the lien of execution, as between creditors is of no moment, as it respects the title of purchasers. Such matters only govern the application of the proceeds of the sale. *Woodly* v. *Gilliam*, 67 N. C. Rep., 237. In this case the marshal and sheriff both sold the same day ; the marshal selling first. *Isler* v. *Moore, ibid.* 74.

6. A sheriff, who advertises a sale of land, levied upon under execution, to take place on Monday, has a right, after postponement from day to day, to sell on Friday. *Wade et al.* v. *Saunders*, 70 N. C. Rep., 270.

7. Where *ven. ex.* and *fi. fa.* was returned " no sale on account of Stay law," held that such was not a due return. *Aycock* v. *Harrison*, 63 N. C. Rep., 145.

PEARSON, C. J. This case is governed by the law, as it was declared to be, before the adoption of the C. C. P. So the question as to how far the title of a purchaser of land at a sheriff's sale, may be effected by a fair docketed judgment, is not presented. Before the adoption of the C. C. P., no rule of law was more clearly settled than the rule, that a purchaser at

a sheriff's sale (the judgment and execution being regular) acquired the title of the defendant in the execution. Any contest among the judgment creditors, who claimed priority of lien, effected merely the fund raised by the sheriff's sale, and left the purchaser secure in his title. I will not take the trouble to make a "rehash" of the settled principles upon this subject, but will content myself by making a reference to the well digested brief of the plaintiff's counsel, filed in the case, wherein he gives references to all of the cases upon the subject ; and will leave the subject as to how for the law has been changed by the C. C. P., in respect to the title acquired by the purchaser under the first sale, made by authority of judicial process to be settled when the point is presented by the facts of the case.

There is no error.

PER CURIAM.                                    Judgment affirmed.