GIDEON B. THREADGILL v. JAMES M. REDWINE.

*Execution Sale—Tenants in Common.*

1. A sale under execution transmits only the debtor's estate, in the same plight and subject to all the equities under which he held it.

2. Where two claimants of the same land covenanted with each other to become tenants in common in the land and to sell the common property, and after adjusting an inequality existing in the amount paid by each to divide the proceeds, and the interest of one was sold under execution; *It was held*, that by purchasing the interest of his co-tenant at execution sale the other tenant in common did not acquire the land discharged of all claim by his co-tenant, and that the equity for a division under the covenant did not pass by the sheriff's deed.

3. Where in such case, the defendant expended money after his purchase at the sheriff's sale in removing encumbrances from the common property, he is entitled to be re-imbursed upon a sale before any of the proceeds go to his co-tenant.

(*Tally* v. *Reid*, 74 N. C., 463; *Love* v. *Smathers*, 82 N. C., 369; *Flynn* v. *Williams*, 1 Ired., 509; *Giles* v. *Palmer*, 4 Jones, 386; *Smith* v. *Smith*, 72 N. C., 228; *Lewis* v. *McDowell*, 88 N. C., 261; cited and approved).

16*

CIVIL ACTION, tried upon exceptions to a referee's report, before *MacRae, Judge,* at Spring Term, 1886, of STANLY Superior Court.

The plaintiff and defendant having conflicting claims of title to certain lands previously belonging to one D. A. Underwood—the plaintiff through a sheriff's sale under execution—the defendant also through a coroner's sale under *fieri facias,* and also a deed from the assignee of Underwood—entered into the following agreement:

"The said Threadgill, for the sum of $100 to him in hand paid, has sold by deed of bargain and sale to said Redwine, one half of his interest in said land, the said Redwine having sold by deed of bargain and sale one half of his interest in said land. It is mutually understood and agreed by and between the parties aforesaid, that they are to own said lands jointly, each owning one individual half.

"It is further understood and agreed by and between the parties aforesaid, that they are to sell the lands, and upon a sale thereof, the proceeds are to be divided between them, as follows: Said Threadgill having paid out the sum of $389 for said land, and Redwine having paid out $55, each party, in the first place, is to have out of the proceeds of said land, the amounts they have paid out: And whereas, the said Redwine, as the surety of said Underwood, has received $500 back of the amount which the sureties of the said Underwood have paid for him to Thomas K. Kendall, said Threadgill is to have $500 more of the proceeds of the said lands than said Redwine.

"It is further agreed between the parties, that they will jointly pay a judgment due to Daniel Freeman from said Underwood, each to pay one half."

The moiety of the plaintiff in the land was afterwards levied on by the sheriff of Stanly county under execution, and sold and conveyed for •$750 to S. J. Pemberton, who made a deed therefor to the defendant, and the latter exon-

erated the land from a claim of dower, by paying the sum of $650 therefor.

The value of the rents while in occupancy of the defendant, measures that due for his services and improvements, and the judgment due Freeman was paid out of the sum of $2,600 for which the defendant, after acquiring the plaintiff's interest, sold the whole estate in the land.

These facts are admitted or found by the referee upon a compulsory order of reference and reported to the Court, and to his finding no exception is taken.

His rulings upon matters of law are:

" 1. That the deeds and contract having been made at the same time as parts of one and the same transaction, are to be construed as one instrument.

" 2. That plaintiff had an interest in the land to the amount of $889, less the sum of $55 in excess of the interest which defendant had in the land, which was to be paid to him upon a sale of the land.

" 3. That the said interest which accrued under the contract, as distinguished from the deeds, was not subject to sale under execution.

" 4. That the sheriff, by his deed to S. J. Pemberton, only conveyed one half interest in the land.

" 5. That the sum of $650 paid for the dower, the sum of $1,000 paid to redeem the land sold under execution, and the sum of $300 expended for repairs, should be deducted from the sum for which the land was sold by defendant.

" 6. That the action is not barred by the statute of limitation."

The defendant, J. M. Redwine, excepts to the report of the referee, as follows:

" 1. That in his 3d conclusion of law, the referee finds "that the interest of plaintiff, Threadgill, which accrued under contract, as distinguished from the deeds, was not subject to sale under execution," when under the proofs, he

should have found that the entire interest of the plaintiff was subject to sale under execution, was in fact sold by the sheriff, and passed by the sheriff's deed to Pemberton, and from Pemberton to defendant, by the deed from the former to the latter, thus extinguishing the plaintiff's interest in the subject-matter in controversy in this action.

" 2. That the referee, in his 4th conclusion of law, finds " that the sheriff, by his deed to S. J. Pemberton, only conveyed one half interest in the land," whereas he should have found instead thereof, that by said deed the plaintiff's entire interest was conveyed to Pemberton.

" 8. That instead of finding as he has done, that defendant is liable to plaintiff in any sum, he should have found that defendant had become the owner of all plaintiff's interest in the subject-matter of the controversy by reason of the sheriff's deed to Pemberton, and Pemberton's deed to defendant, and that defendant was not liable to plaintiff for anything."

Upon these findings, adopted by the Court, the defendant's exceptions were sustained ; and judgment being rendered against the plaintiff, he appeals.

*Mr. J. A. Lockhart,* for the plaintiff.

*Messrs. Jos. B. Batchelor* and *John Devereux, Jr.,* for the defendant.

SMITH, C. J., (after stating the facts). Now, while the transfer under the deed of the sheriff of the plaintiff's undivided moiety to the purchaser, could not and did not carry the plaintiff's equities, and rights springing out of their mutual covenants, as the numerous authorities cited in the argument for the appellant show, *Tally* v. *Reed,* 74 N. C., 463; *Love* v. *Smathers,* 82 N. C., 369, and others, it is nevertheless true, that the estate passes, subject to and charged with the equities of the defendant attaching thereto, for such

is the effect of a sale under execution, and it transmits only the debtor's estate, in the plight and condition in which he held it. *Flynn* v. *Williams,* 1 Ired., 509; *Giles* v. *Palmer,* 4 Jones, 386; *Smith* v. *Smith,* 72 N. C., 228; *Lewis* v. *McDowell,* 88 N. C., 261.

The covenants as to the disposition of the proceeds of sale, so far as they inure to the advantage of the plaintiff, did not therefore pass to the purchaser at the execution sale, nor were they extinguished, through any supposed union with the legal estate, when he conveyed it to the defendant. The execution of the agreement in its literal terms became impracticable by the divesting of the moiety of the property out of the plaintiff, but this difficulty was removed, and the ability to give it effect restored, by the defendant's acquirement of that moiety, whereby he became sole owner. The several equities have been reunited with the legal estate, and the effect of the dissociation no longer remains as an impediment in their recognition and enforcement. But the expense incurred by the defendant is a paramount charge on the interest acquired, and it must be paid before the agreed mode of apportionment of the fund received upon the sale to the last purchaser, out of the plaintiff's share as well as the amount paid in removing an incumbrance common to the whole property.

We therefore declare that there is error in the rulings upon the exceptions, and in the rendition of judgment against the plaintiff. The cause will be remanded, to the end that the judgment be reversed, and such further proceedings had therein as are in accord with the law declared in this opinion.

Error.                                        Reversed.