89  511
102  158

89  511
111  163

89   511
137  350,

GUSTAVE MOY, Appellant, v. RUDOLPH MOY, Appellee.

Title to Real Estate: PURCHASE OF OUTSTANDING TITLE BY TENANT
IN COMMON: EFFECT. Where, upon the foreclosure of a mortgage
against property held in common, the property is bid in at the fore-
closure sale by one of the cotenants, he can not, upon acquiring a
sheriff's deed under such sale, claim absolute title to said property to
the exclusion of his cotenants, but will have his interest therein
increased merely to the extent of the amount necessary for the coten-
ant to redeem his undivided share.

*Appeal from Woodbury District Court.*—HON. GEORGE
W. WAKEFIELD, Judge.

WEDNESDAY, OCTOBER 18, 1893.

ACTION to quiet title in the plaintiff to lot 9, block
41, Middle Sioux City, Woodbury county, Iowa.  A
decree was entered dismissing the plaintiff's petition,
from which he appeals.—*Affirmed.*

*Kennedy & Kennedy,* for appellant.

*Argo & McDuffie,* for appellee.

GIVEN, J.—In an action for the partition of said
lot, wherein this plaintiff was defendant and this
defendant was plaintiff, a decree was entered finding
that this plaintiff owned the undivided eight fif-
teenths, and this defendant the undivided seven-fif-
teenths.  It was also found and decreed as follows:
"The court further finds that the plaintiff ought to pay
to the defendant, Gustave Moy, by reason of a certifi-
cate of sale held by him, and executed to him by the
sheriff of Woodbury county, Iowa, upon the sale of
said premises under a decree of foreclosure of a mort-
gage executed by Celia Weir and husband to the Keene

Five Cents Savings Bank, seven fifteenths of the amount required to redeem said premises from said sale, as shown by said certificate. It is, therefore, considered, adjudged and decreed by the court that the said shares of the said parties, and their interests, respectively, in said lands, be, and the same are hereby confirmed; that the plaintiff herein pay to the defendant, Gustave Moy, seven fifteenths of the amount required to redeem said premises from said sale, as shown from said sheriff's certificate, and that such payment, when made, shall operate as a release and satisfaction of the lien created by said mortgage and proceedings thereunder, to foreclose the same upon said interest and share of the plaintiff in said real estate." Referees were appointed to sell the property. It is conceded that the appellant did not, and never intended to, take an appeal from that decree.

The certificate held by the appellant was upon a foreclosure sale under an outstanding mortgage, subject to which both these parties had their respective titles. No redemption having been made from that sale, the appellant received a sheriff's deed, and it is by virtue of that deed that he asks to be quieted in the title as against the appellee. There are very conclusive reasons why he is not entitled to such relief. They were tenants in common, and, as said in *Austin v. Barrett*, 44 Iowa, 488: "It is well settled that one tenant in common can not purchase an outstanding incumbrance, and, after it matures into a title, set it up against his cotenant." See, also, *Sears v. Sellew*, 28 Iowa, 501; *Weare v. VanMeter*, 42 Iowa, 128, and *Fallon v. Chidester*, 46 Iowa, 588. The decree in the former case determined the extent of the interests of the parties in said lot. It found that the appellant, in addition to his eight fifteenths, was entitled to seven fifteenths of the amount required to redeem from the foreclosure. It was not decreed that the appellee should

redeem from that sale, but that the appellant had that additional interest in the lot, and consequently in the proceeds of the sale that the referees must make. The plaintiff's petition was properly dismissed. The judgment is therefore AFFIRMED.