RUDOLPH MOY, Appellant, v. EVA MOY, Administratrix of the Estate of GUSTAVE MOY et al.

**Partition Judgment:** WHAT IS ADJUDICATED BY: *Accounting subsequent.* A decree partitioning real estate, fixing the interest of the parties, and ordering its sale, is an adjudication of such matters, although no sale was had; but an accounting up to date and the striking of a balance between the parties is justified in a subsequent action for partition.

SAME. A partition of real estate was had, and sale ordered, which sale was never made. In a subsequent suit for partition of the same property an accounting was decreed between the parties, and items of expenditures and improvements made prior to the first decree were allowed. *Held*, erroneous.

**Partition:** ALLOWANCE FOR IMPROVEMENTS. One who claims property sought to be partitioned, as sole owner, should be allowed, on partition, for all improvements made in good faith.

RECOVERY OF RENTS AND PROFITS. One seeking the partition of property in possession of defendant, claiming sole ownership, cannot recover for rents, no evidence being given as to the rental value of the premises, or of any rent actually received of any considerable amount.

**Appeal:** REVIEW FOR PARTY NOT APPEALING. Where defendant in partition claimed sole ownership and former adjudication, and judgment was found against her on the former branch of the case, from which she does not appeal, her claim cannot be considered on an appeal by plaintiff.

*Appeal from Woodbury District Court.*—HON. WILLIAM HUTCHINSON, Judge.

SATURDAY, APRIL 14, 1900.

ACTION in equity to partition certain real estate. The answer was a general denial, coupled with a plea of sole title, and also of former adjudication. From the decree rendered, plaintiff appeals.—*Affirmed.*

VOL. 111 Ia—11

*Lynn & Foley* for appellant.

*Geo. W. Argo* for appellees.

WATERMAN, J.—In the year 1891, in an action for partition by the present plaintiff against the defendant Eva Moy and her husband, who was then living, a decree was rendered by the district court of Woodbury county fixing the interests of the respective parties in this real estate, and ordering its sale. No sale was ever had. This decree is now pleaded by defendants as an adjudication. There is no question but that it is such, and we think the court so treated it. The shares, as now confirmed, are the same as then fixed, but an accounting was had up to the date of the present decree, and a balance struck as between the parties. This, we think, was justified. *Leach v. Association,* 102 Iowa, 125.

II. Defendant claims sole ownership of the property under certain tax deeds and an execution sale. The trial court found against her on this branch of her case, and, as she has not appealed, we can give the matter no further attention. It is true that in argument appellees claim to have taken an appeal, but we find in the record no evidence of their having done so.

III. The trial court, in accordance with the first decree, fixed plaintiff's share of the real estate at seven-fifteenths, and that of defendants at eight-fifteenths. Of this no complaint was made. But it also found that defendant Eva Moy had paid for taxes and improvements on the property the sum of three thousand five hundred and twenty-nine dollars and sixty cents; that plaintiff had paid for taxes and interest the sum of six hundred and two dollars and ninety cents, leaving a balance in the former's favor of two thousand nine hundred and twenty-six dollars and seventy cents, and this was made a first lien on the property, and ordered paid out of the proceeds of the sale. The remainder

was ordered distributed in the proportions stated above. To this part of the decree plaintiff excepts. Plaintiff, as we have said, secured a decree in partition in 1891. Presumably he was satisfied with it, for he did not appeal. It is questionable whether he is not estopped by his laches from excepting to expenditures made since, or from asking an accounting now. Part of the amount claimed to have been paid by both parties antedates the first decree, and these payments seem to have been allowed by the court. The parties, in making up their account, should not have been permitted to go behind that decree. We are unable, from the record, to say just how far this was done. Taking the items as they appear, and plaintiff seems to have been allowed on these matters much more than defendants, so he cannot justly complain. It is plaintiff's contention that defendants should have been allowed for improvements only what was needed to preserve the property, but this, we think, is not so where the improvements are made, as apparently they were here, in good faith. *Conrad v. Starr,* 50 Iowa, 470. Defendant Eva Moy claimed sole title to the property. It is true that her husband was defeated in an action to quiet title, based upon an interest acquired by him under foreclosure of a mortgage on the common property. *Moy v. Moy,* 89 Iowa, 511. But Eva Moy afterwards acquired a deed under a sale on execution against plaintiff's undivided interest. If the court found that her expenditures on the property were in good faith in the belief that she was the sole owner, we are not inclined to interfere. Another ground of complaint is that defendant was not required to account for the rents of the property, she having been in possession. Plaintiff offered no evidence of the rental value of the premises. There is nothing in the record to show the actual receipt of any rents except one or two indefinite items of very small amount. We have no basis to go upon in making any allowance on this score. The account between the

parties as stated by the trial court seems to be warranted, and the decree is AFFIRMED.

LADD, J, took no part.