[L. A. No. 2363.   Department One.—December 15, 1909.]

GEORGE H. SMITH and JOSEPH E. HANNON, Appellants, v. CYRUS F. McNUTT, as Trustee, Defendant, Cross-Complainant, and Appellant;    THE NUEVO LAND COMPANY (a Corporation), and HARVEY POTTER, as Commissioner to sell under order of Court, Defendants and Respondents.

PURCHASE OF OUTSTANDING TITLE BY ONE OF SEVERAL PERSONS OCCUPYING RELATION OF TRUST.—The general equitable principle, applicable in such cases as those of joint tenants, tenants in common, and generally persons placed in a situation of trust or confidence with respect to a thing purchased, that one of them cannot, without the consent of the other, buy in an outstanding title and appropriate the whole subject to himself, has no application in the absence of the relationship which forms the basis for its existence.

ID.—TRUST IN MORTGAGED LANDS—FORECLOSURE—CERTIFICATE OF SALE ACQUIRED BY PART OF BENEFICIARIES.—Land encumbered by a prior mortgage was conveyed to a trustee to sell and apply the proceeds primarily to the payment of the mortgage debt, and the balance to three unsecured creditors of the mortgagor. As to each of such creditors, it was made a condition of the trust in his favor that he should advance one third of the sums necessary to pay taxes on the land, and the interest on the mortgage debt. This neither of them did, and the mortgage was consequently foreclosed, and a certificate of sale was issued to the mortgagee, which was subsequently transferred to an assignee of two of the three beneficiaries of the trust. Held, that the remaining beneficiary was not entitled to participate in any of the rights acquired under the certificate of sale, merely upon offering to pay one third of the taxes and interest on the mortgage, and a proportionate part of the amount necessary to extinguish the lien of such certificate, and that his relief was limited to a redemption of the land upon the payment of all prior claims.

CLVI Cal.—49

APPEAL from a judgment of the Superior Court of Los Angeles County. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

George H. Smith, Joseph E. Hannon, and C. F. McNutt, for Appellants.

John G. North, and Hunsaker & Britt, for Respondents.

ANGELLOTTI, J.—This is an appeal from a judgment entered upon sustaining demurrers to an amended complaint and to a cross-complaint, in an action wherein plaintiffs and cross-complainant McNutt seek the same judgment.

On May 17, 1901, the Lake View Town Company, a corporation, hereinafter designated the "town company," was the owner of the lands involved in this proceeding, being lots in Riverside County aggregating one thousand acres scattered throughout the extent of a larger body of arable lands, comprising some six thousand acres. The land of the town company was subject to a mortgage held by the San Gabriel Valley Bank, hereinafter designated as the "bank," securing the payment of five thousand dollars, with interest. The town company was also indebted to John Wolfskill and to L. P. Hansen, and to the law firm of Smith, McNutt & Hannon (composed of the plaintiffs and cross-complainant). To provide for the payment of such indebtedness, it conveyed the land on May 17, 1901, to McNutt, by deed of grant, bargain, and sale, subject to the mortgage held by the bank, and also one thousand shares of water stock supposed to be appurtenant to the land. McNutt accepted the conveyance with the understanding in parol between him and the town company that he would take, hold, and dispose of the land on certain trusts which he should thereafter declare in writing. On October 10, 1903, he made such written declaration. It recited the conveyance to him, and also the adoption of resolutions by the town company intended to fix certain trusts on the property, being, 1. A trust in favor of John Wolfskill of ten dollars per acre; 2. A trust in favor of L. P. Hansen of ten dollars per acre, and, 3. A trust in favor of Smith, McNutt & Hannon for the whole amount of the residue for

which said lands and water stock might be sold by him after
paying and discharging from the proceeds of such sales the
debt of the bank and interest thereon, the taxes on said
lands, the expenses of sale, ten dollars per acre to Wolfskill,
and ten dollars per acre to Hansen, and declared that he
held the lands subject to said trust. This was followed by
this preamble and condition, viz.:—

"But, whereas, the said debt to the said San Gabriel Valley
Bank, together with accumulations of interest thereon and
certain taxes against the said lands, remain unpaid and are
a first lien against the said lands in my hands; and,

"Whereas, The rents and income from the said lands have
not hitherto been sufficient to keep down such interest and
taxes; and,

"Whereas, The same must be kept down to prevent the fore-
closure of the said mortgage and the sale of such lands for
such taxes;

"I hereby make it a condition in the declaration of the said
trusts in favor of the said Wolfskill, the said Hansen and the
said Smith, McNutt & Hannon, that they shall, from time to
time as the same is needed for the purpose of keeping down
said interests and taxes, pay to me, or to said bank, and upon
such taxes, sums of money sufficient to keep the same fully
paid, as they shall respectively from time to time, become due
and payable, that is to say, the said Wolfskill shall furnish
one third of such sums of money, the said Hansen one third
and the said Smith, McNutt & Hannon one third, the said
sums of money to be reimbursed to the several parties, with
interest, next after the payment of said mortgage and of all
taxes due, before any of the proceeds of the sales of said
lands shall be applied to the other trusts herein declared;
and if at any time there is sufficient income from the rents
of said lands to pay said taxes and interest and to reimburse
the said parties for moneys advanced upon that account, the
same shall be used as soon as received for such purposes."

McNutt delivered this written declaration to Hansen, who
received it on behalf of himself and the other beneficiaries,
all of whom agreed thereto, and it was duly recorded in the
office of the county recorder of Riverside County.

The beneficiaries failed to furnish the trustee with money
wherewith to pay the interest on the indebtedness secured

by the mortgage held by the bank, and such interest was, therefore, not paid. The mortgage falling due by reason of such non-payment, the bank brought its action to foreclose the same, and this action resulted in a judgment fixing the amount due, directing a sale by defendant Harvey Potter, appointed commissioner for that purpose, and "foreclosing the equity of redemption" of McNutt as successor of the town company. The judgment was affirmed by this court. On April 3, 1907, the commissioner duly sold the mortgaged property, the bank being the purchaser, for the sum of $7806.31, which was the amount then due under the judgment. The commissioner thereupon executed and issued a certificate of sale to the bank, as such purchaser.

Thereafter and prior to July 18, 1907, one A. B. Miller, acting for defendant, "The Nuevo Land Company," a corporation, hereinafter designated as the "land company," purchased from Wolfskill and Hansen their respective interests in said trust, and on July 18, 1907, for a recited consideration of $9050, obtained from the bank an assignment of the certificate of purchase executed by the commissioner. On July 24, 1907, Miller assigned said certificate and the claims or interests of Wolfskill and Hansen to the land company.

The property is now of such value that it could be sold in parcels, "and as contemplated by the scheme of said trust," for enough to pay all the "trust debts."

Plaintiffs Smith and Hannon, who have acquired all of the interest of McNutt, claim the right against the land company, as the successor in interest of their alleged co-beneficiaries, Wolfskill and Hansen, to be admitted to a participation in all rights acquired by such land company by reason of its purchase of the certificate of sale, and insist that upon payment by them to the land company "of their just share to reimburse the said defendant of its necessary outlay to relieve and release the said land and said water stock from the lien and burden of the said mortgage and sale made under the decree foreclosing the same," the trustee should be required to execute his trust by selling the property free of any claim under the mortgage and sale thereunder, and to distribute the proceeds of such sales in the manner provided by the declaration of trust. They have made no offer to the land company to do anything more than pay one third of the interest that

has accrued on the mortgage debt and one third of any taxes "that should have been paid by the debtor in the said mortgage," and "a fair proportion of the principal." The land company denies the right of plaintiffs to become entitled to the benefit of its act in taking over the certificate of purchase from the bank, by contribution of any *portion* of the expenses incurred in so doing, and claims to hold said certificate of purchase just as any purchaser who had no interest in the trust would hold the same.

Plaintiffs seek by this action an accounting on the part of the land company as to the amounts expended by it in acquiring its certificate of purchase, and a determination of the amount of the portion thereof which they shall pay, by way of contribution, to extinguish the lien of such certificate, and also an injunction preventing the commissioner from executing any deed on such certificate, and further a decree providing for the execution of the trust by the trustee. As we have before stated, the trustee asks practically the same judgment.

The foregoing constitutes substantially the case made by the amended complaint and the cross-complaint to which demurrers were sustained.

It may be conceded for the purposes of this decision that plaintiffs had such an interest in this land as would have given them the right to obtain such relief as would practically constitute a redemption thereof, even though they may not have been entitled to redeem under the statutory provisions relating to redemption. It may be that it could be held that they were substantially the owners thereof, subject to the prior claims of the bank, Wolfskill, and Hansen, and that a court of equity might be warranted in requiring a conveyance to them by the land company upon payment of the amounts due on such prior claims. However this may be, plaintiffs are seeking no such relief by this action, and their amended complaint does not state a cause of action in that behalf. The same equitable principles that might authorize the granting of such relief to plaintiffs would put Wolfskill and Hansen in the position of creditors having superior claims to plaintiffs, who were entitled to redeem for the protection of those claims, and would require, as a condition of such redemption by plaintiffs, the payment by them of the whole

amount properly paid in making the purchase, with interest, and also the amounts due on account of the Wolfskill and Hansen claims.

We are of the opinion that at the time of the purchase of the certificate by the land company, successor of Wolfskill and Hansen, there was no such relation existing between it and plaintiffs as would give plaintiffs the right to have the purchase held to be one made for the benefit of the so-called trust. The general principles relied on by plaintiffs in this regard, applicable in such cases as those of joint tenants, tenants in common, and generally persons placed in a situation of trust or confidence with respect to the subject of its purchase, may be freely conceded to be correctly stated by them in their briefs. If there is such a relationship that, in the language of Chancellor Kent in *Van Horne* v. *Fonda,* 5 Johns. Ch. 407, "it is not consistent with good faith, nor with the duty which the connection of the parties, as claimants, of a common subject, created, that one of them should be able, without the consent of the other, to buy in an outstanding title and appropriate the whole subject to himself and thus undermine and oust his companion," the one acquiring such outstanding title will not be allowed to retain it for his own exclusive benefit. But, of course, this principle can have no application in the absence of the relationship which constitutes the whole reason for its existence. In the case at bar it appears clear to us that whatever obligations of this nature may have existed as to Wolfskill and Hansen prior to the foreclosure of the mortgage, if any, such obligations were absolutely terminated by such foreclosure and the sale thereunder. The declaration of trusts makes it apparent that it was the intention of all the parties that so far as any sales of the lands by the trustee were concerned, such sales were to be made prior to any foreclosure of the mortgage. Such sales were to be primarily for the purpose of paying the mortgage claim, and the beneficiaries were not to be called upon to advance any portion of the principal due thereon. It was expressly made a condition of the declaration in favor of the three beneficiaries that they should each advance one third of such sums as should be necessary to pay interest on the mortgage debt and taxes, in order to prevent the foreclosure of the mortgage and the sale of the land for taxes. This they did not do as to amounts

necessary to pay interest on the mortgage debt, and the mortgage was consequently foreclosed. Plaintiffs failed in this behalf, as well as Wolfskill and Hansen. No reason whatever is assigned for such default on plaintiffs' part. It is simply alleged that the beneficiaries failed to furnish the money wherewith to pay such interest. It cannot be assumed that Wolfskill and Hansen were unwilling to furnish their portion of this money had plaintiffs been willing to furnish theirs, and of course they could not be held derelict in failing to pay their portion if plaintiffs were unwilling to pay their own one third. So far as appears by the complaint and cross-complaint, plaintiffs entirely abandoned their part of the arrangement in a most essential particular, and Wolfskill and Hansen in failing to make the necessary advances were not guilty of any bad faith or of any act inconsistent with any duty devolving on them by reason of the arrangement between the parties. Under these circumstances, the consequent foreclosure of the mortgage, which renders it impracticable to execute the trust in the manner designed, terminated all relationship between the various beneficiaries except the relationship that may have existed between Wolfskill and Hansen on the one hand as creditors of the town company having a lien on the land involved here for the amounts due them respectively, subject to the claim of the bank, and plaintiffs on the other hand as being entitled to the land or its proceeds after full satisfaction of all prior claims, including those of Wolfskill and Hansen. We know of no equitable considerations that would warrant the granting of any greater relief to plaintiffs than to permit them to take this land upon payment by them of all prior claims. As already said, they have shown no disposition to do this, and the complaint and cross-complaint make no case in this behalf. We are, therefore, of the opinion that the ruling of the court sustaining the demurrers was correct.

The judgment is affirmed.

Sloss, J., and Shaw, J., concurred.

Hearing in Bank denied.