[Civ. No. 4200. Second Appellate District, Division Two.—December 20, 1923.]

HOWARD HUNTINGTON et al., Respondents, v. EDWARD PERRIN, Jr., Appellant; E. E. HEWLETT, Trustee, etc., Defendants.

[1] MORTGAGE—FORECLOSURE AND SALE—TITLE OF PURCHASER.—The purchaser's title acquired at a mortgage foreclosure sale of real property is not absolute, but subject to the mortgagor's right to redeem, and to be entirely divested thereby.

[2] ID.—SALE TO STRANGER—PURCHASE OF CERTIFICATE BY COTENANT —TITLE—EQUITY.—A mortgage foreclosure sale to a stranger of real property held in cotenancy does not terminate the relationship theretofore existing between the cotenants, but such relationship continues until the expiration of the period of redemp-

Right of one cotenant to purchase the property in his own right at a sale under an encumbrance created by one through whom the cotenants derive title, notes, 17 Ann. Cas. 1169; Ann. Cas. 1914A, 1031; 19 L. R. A. (N. S.) 591.

tion; and where one of the cotenants, prior to the expiration of the period of redemption, purchases the certificate of sale from said stranger, such purchase will redound to the benefit of the other cotenants; and it is immaterial that the cotenant so purchasing the certificate of sale did so with the intention of holding it for himself, individually, and not for the benefit of any other person claiming to be interested therein.

APPEAL from a judgment of the Superior Court of Los Angeles County. John W. Shenk, Judge. Affirmed.

The facts are stated in the opinion of the court.

Randolph V. Whiting and Stuart M. Salisbury for Appellant.

Jefferson P. Chandler, C. P. Ward, Thomas, Beedy & Lanagan, John F. Bowie and Jared How for Respondents.

CRAIG, J.—The plaintiffs sought partition of the real property involved in this action, alleging that they and the defendant E. E. Hewlett, trustee for Edward Perrin, Jr., and Edward Perrin, Jr., individually, were the owners and in possession as tenants in common of said property; that prior to the commencement of the action one J. C. Anderson had a mortgage thereon, given him by a common grantor of all the parties interested, which said mortgage was foreclosed by Anderson, and judgment rendered April 10, 1917; that a commissioner appointed pursuant to such judgment sold the property to the mortgagee on April 12, 1917, and the equity of redemption would expire one year thereafter. Plaintiffs averred that E. E. Hewlett, as trustee for Edward Perrin, Jr., had an interest in the equity of redemption to the extent of an undivided one-fifteenth (1/15) interest in the fee of said property, and that plaintiffs Howard Huntington and Flora Dean Hobart had interests in the equity of redemption of eleven-fifteenths (11/15) and three-fifteenths (3/15), respectively; and alleged it was for the best interest of the plaintiffs and the defendants that a partition be made as to the interest of E. E. Hewlett, trustee for Edward Perrin, Jr., and the interest of Edward Perrin, Jr., whatsoever it might be, as beneficiary under said trust; that it was not for the best interests of plaintiffs that the prop-

erty be partitioned as between them, but that it should remain undivided, and that they continue to own their share as tenants in common.

Appellant answered, alleging that the plaintiffs and Hewlett, as his trustee, were not the owners or in possession as tenants in common or otherwise of said property, and denied that Hewlett's interest as his trustee was one fifteenth, but alleged that such interest was three-fourteenths (3/14). By way of affirmative defense appellant alleged that since 1907 he had been, and at the time of answering herein was, the owner of an undivided three-fourteenths interest in and to all the real property described in the plaintiffs' complaint. The property here in controversy constitutes but a portion of the whole for which partition was sought, and it is not denied that appellant and the other parties were tenants in common from 1907 until the time of Anderson's foreclosure. Appellant alleged that on March 27, 1918, and prior to the expiration of the period of redemption from said foreclosure sale, Randolph V. Whiting, attorney for appellant, purchased from said Anderson, the certificate of sale for the benefit of appellant, and that Whiting at the time of the trial of this action was the owner and holder of such certificate as his attorney and agent. ·

It is stated in the briefs on behalf of appellant that the uncontradicted evidence shows that the plaintiffs Huntington and Hobart, and the defendant Hewlett, as trustee for Edward Perrin, Jr., were the owners of said property as tenants in common, and that appellant, in thus purchasing the certificate of sale prior to the period of redemption having expired, did so with the intention of holding it for himself, individually, and not for the benefit of any other person claiming to be interested therein.

The court found, as to the property sold under foreclosure, that it was the intention of said Edward Perrin, Jr., in so purchasing the certificate of sale from said J. C. Anderson, to purchase the same for himself individually, and not to purchase the same for the benefit of himself and his former cotenants, and that said Whiting, as attorney and agent of said appellant, was at the time of the trial of the action the owner and holder of said certificate of sale. It was further found by the trial court that the plaintiff Huntington was the owner of an interest in said equity of redemp-

tion and said certificate of sale to the extent of an undivided nine-fifteenths interest in the fee thereof, and that the plaintiff Hobart was the owner of three-fifteenths interest in the fee thereof, and by a general finding it was held that said plaintiffs and the defendant Hewlett, trustee for appellant, are the owners of and in possession, as tenants in common, of the property described.

It is appellant's contention that there was no redemption of the property as provided by sections 701 and 702 of the Code of Civil Procedure; that both the legal and equitable title to the property vested in Anderson upon his purchase at the foreclosure sale, and that consequently no title remained in any of the parties as tenants in common. It is argued that had Anderson held the certificate of sale until the period of redemption had expired, his title would have become absolute; that the tenancy in common had terminated with the sale of the property by Anderson, and therefore Randolph V. Whiting, as trustee for appellant, stands in Anderson's position, as successor in interest.

Respondents contend that the purchase by appellant of the certificate of sale constituted no more than a redemption; that the purchaser at a foreclosure sale does not acquire the judgment debtor's title to the land, and can only do so by obtaining a sheriff's deed, as was provided by section 232 of the Practice Act, and now by section 703 of the Code of Civil Procedure. It is argued that one tenant in common will not be permitted to purchase an outstanding encumbrance and assert it against his cotenants in interest, even though his design be so to do, but that he must hold it for the common benefit of all. Respondents admit that this general rule does not apply in the case of a judicial sale, but assert that this has reference to absolute sales, which convey the complete title, and not to sales made subject to redemption; that the former sever the relationship of cotenancy, whereas the latter is not a consummated sale during the period of redemption, and therefore do not affect tenants in common until the happening of a certain event.

The provisions of the Code of Civil Procedure relied upon by the respective parties recite that a redemptioner or judgment debtor may redeem from the purchaser at any time within twelve months after the sale, upon conditions

prescribed by the statute. The provisions which here control appear as subdivisions of section 703, and are as follows: "If no redemption be made within twelve months after the sale, the purchaser, or his assignee, is *entitled to a conveyance;* or if so redeemed, whenever sixty days have elapsed, and no other redemption has been made, and notice thereof given and the time for redemption has expired, the last redemptioner, or his assignee, is entitled to a sheriff's deed; but, in all cases, the judgment debtor shall have the *entire period of twelve months* from the date of the sale to redeem the property."

It cannot be successfully contended that had appellant been the owner of the fractional interests of his cotenants he would have been unable to redeem from Anderson's foreclosure; nor is it claimed in his behalf that one of several tenants in common may not legally redeem for all the parties in interest. It is difficult to agree with appellant that his intention can be considered as the controlling factor in determining the issues in this case, and particularly as to whether or not the purchase by Anderson at the foreclosure sale destroyed the common character of the original tenancy, and enabled him to convey to appellant during the redemptionary period all of the right, title, and interest of the mortgagor. In proceedings of this kind the provisions of section 700 of the Code of Civil Procedure, that "the purchaser is substituted to and acquires all the right, title, interest, and claim of the judgment debtor," are qualified by and subject to the condition above quoted from section 703. (*Leet* v. *Armbruster,* 143 Cal. 663, 667 [77 Pac. 653].) This principle is one of long standing in California, and is so held in the cases cited by appellant. In *Duff* v. *Randall,* 116 Cal. 226 [48 Pac. 66], it is said that "The sale is simply a conditional one, which may be defeated by the payment of a certain sum by certain designated parties within a certain limited time. If not paid within the time the right to a conveyance becomes absolute without any further sale, or other act to be performed by anybody." In *Leaver* v. *Smith,* 47 Cal. App. 476 [190 Pac. 1050], this court said: "The effect of this provision is to confer upon the purchaser full title, except that within the ensuing period of twelve months after sale an equity of redemption is possessed by the judgment debtor. When the full period of twelve months has elapsed

there no longer exists any equity in the judgment debtor; hence the purchaser becomes possessed of an absolute title at that time." Appellant also cites *McNutt* v. *Nuevo Land Co.,* 167 Cal. 459 [140 Pac. 6], holding: "The effect of the foreclosure sale 'is of itself to extinguish the right and claim of all the defendants in the action acquired subsequent to the date of the mortgage, and to vest in the purchaser the title of the mortgagor at the date of the mortgage, discharged of all such right and claim.' . . . It is only when the judgment debtor redeems that the effect of the sale is terminated and he is restored to his estate." **[1]** But by the latter statement the opinion so qualifies the beginning of the quotation as to leave its entire purport in harmony with other decisions, and in effect to say that a purchaser's title is not absolute, but subject to the mortgagor's right to redeem, and to be entirely divested thereby. Appellant furnishes no authority, nor are we able to find one, holding that a purchaser at foreclosure sale acquires the absolute title.

**[2]** Appellant insists that the tenancy in common was terminated by the sale to Anderson, citing *Smith* v. *McNutt,* 156 Cal. 769 [106 Pac. 70], and *McNutt* v. *Nuevo Land Co., supra.* The former recognizes the general equitable principle "applicable in such cases as those of joint tenants, tenants in common, and generally persons placed in a situation of trust or confidence" that "it is not consistent with good faith, nor with the duty which the connection of the parties, as claimants, of a common subject, created, that one of them should be able, without the consent of the other, to buy in an outstanding title and appropriate the whole subject to himself and thus undermine and oust his companion," and holds that the one acquiring such outstanding title will not be allowed to retain it for his own exclusive benefit. The supreme court points out, however, that such relationship did not there exist. In the second case cited the same rule is recognized, but it is said that under the trust there in controversy there was no community or privity of interest between the beneficiaries.

Respondents quote in their brief from decisions of the supreme court as to the nature of a purchaser's estate acquired at foreclosure sale, both under the Practice Act and under the provisions of the, Code of Civil Procedure,

to the effect that the dry, naked legal title remains in the
judgment debtor, with authority in the sheriff to divest it
by execution of a deed to the purchaser. But we are not
cited to any case in this state wherein the question of the
effect upon the interests of tenants in common of a fore-
closure of an encumbrance created by their predecessor in
interest was involved. However, it has been settled by the
courts of many other states, and with but the single ex-
ception of *Jackson* v. *Baird,* 148 N. C. 29 [19 L. R. A.
(N. S.) 591, 61 S. E. 632], the authorities unanimously hold
that title cannot be acquired by the owner of an undivided
interest in land against his cotenants, at a sale under a
mortgage created by a former owner through whom tenants
in common derived title. (*McPheeters* v. *Wright,* 124 Ind.
560 [9 L. R. A. 176, 24 N. E. 734]; *Tisdale* v. *Tisdale,* 2
Sneed (Tenn.), 596 [64 Am. Dec. 775]; *Oliver* v. *Hedderly,*
32 Minn. 455 [21 N. W. 478]; *Moy* v. *Moy,* 89 Iowa, 511
[56 N. W. 668]; *Barnes* v. *Boardman,* 152 Mass. 391 [9 L. R. A.
571, 25 N. E. 623]; *Montague* v. *Selb,* 106 Ill. 49; *Savage* v.
*Bradley,* 149 Ala. 169 [123 Am. St. Rep. 30, 43 South. 20];
*Richards* v. *Richards,* 75 Mich. 408 [42 N. W. 954]; *Wyatt*
v. *Wyatt,* 81 Miss. 219 [32 South. 317]; *Dillinger* v. *Kelley,*
84 Mo. 561; *Knolls* v. *Barnhart,* 71 N. Y. 474; *Carpenter* v.
*Carpenter,* 131 N. Y. 101 [27 Am. St. Rep. 569, 29 N. E.
1013].)

In *McPheeters* v. *Wright, supra,* the supreme court of
Indiana quotes with approval from the opinion of Chancellor
Kent in *Van Horne* v. *Fonda,* 5 Johns. Ch. 409, 1 N. Y. Ch.
L. Ed. 1125, as follows: "I will not say, however, that one
tenant in common may not in any case purchase in an out-
standing title for his exclusive benefit. But when two dev-
isees are in possession under an imperfect title, derived
from their common ancestor, there would seem naturally
and equitably to arise an obligation between them, resulting
from their joint claim and community of interests, that one
of them should not affect the claim to the prejudice of
the other. It is like an expense laid out upon a common
subject by one of the owners, in which case all are entitled
to the common benefit on bearing a due portion of the ex-
pense. It is not consistent with good faith, nor with the
duty which the connection of the parties as claimants of a
common subject created, that one of them should be able,

without the consent of the other, to buy in an outstanding title, and appropriate the whole subject to himself, and thus undermine and oust his companion. It would be repugnant to a sense of refined and accurate justice. It would be immoral, because it would be against the reciprocal obligation to do nothing to the prejudice of each other's equal claim, which the relationship of the parties as joint devisees created. Community of interest produces a community of duty; and there is no real difference, on the ground of policy and justice, whether one cotenant buys up an outstanding incumbrance or an adverse title to disseise and expel his cotenant. It cannot be tolerated when applied to a common subject in which the parties had equal concern, and which created a mutual obligation to deal candidly and benevolently with each other, and to cause no harm to their joint interest.''

The same authority further holds, quoting from American and English Encyclopedia of Law, volume 11, page 1082, as follows: '' 'The general rule is that a cotenant's purchase of an outstanding title inures to the benefit of all, whether the several interests of the different tenants accrue under the same instrument, under different instruments, or by an act of law; and in some states this rule seems to apply, however the tenancy may have been formed, whatever the relations of the cotenants with each other may have been and from whatever source the outstanding title may have been acquired.' In addition to the authorities cited already, the following are cited: *Clements* v. *Cates,* 49 Ark. 242; *Olney* v. *Sawyer,* 54 Cal. 379; *Boskowitz* v. *Davis,* 12 Nev. 446; *Grim* v. *Wicker,* 80 N. C. 343; *Threadgill* v. *Redwine,* 97 N. C. 241 [2 S. E. 526]; *Page* v. *Branch,* 97 N. C. 97 [2 Am. St. Rep. 281, 1 S. E. 625]; *Braintree* v. *Battles,* 6 Vt. 395; *Rountree* v. *Denson,* 59 Wis. 522. . . . Our own state is in accord with the general rule. *Wilson* v. *Peele,* 78 Ind. 384; *Bender* v. *Stewart,* 75 Ind. 88; *Elston* v. *Piggott, supra.*'' (94 Ind. 14.)

It is elementary that while the several owners of the shares of a tenancy in common have severable interests as between themselves, the entire tenancy constitutes a joint estate in all dealings affecting the tenancy in common as a whole, and other than among themselves, it is a single entity. The mortgagor has not dealt with the shares consti-

tuting the tenancy in common separately; the mortgage applies to the property as a whole, and the tenancy in common as a whole. When the mortgage is foreclosed the purchaser also acquires his title, subject only to an equity of redemption, in the whole. No holder of a fractional interest in the tenancy in common could come forward and offer to pay his share and demand a redemption of a proportional part of the property from the mortgage. The entire amount due and to which the purchaser is entitled in order that a redemption may be accomplished must be paid. Again, before foreclosure the tenancy in common held the legal title to the property, and any benefit secured for the estate inured to the benefit of all cotenants. The equity of redemption can have no other source than the former legal title from which it sprang. Having that source, it follows that in the absence of agreement between the parties or some statutory provision of law to the contrary, the relation of the cotenants toward one another remains the same in respect to the interest remaining in them after foreclosure, called the equity of redemption, as existed in the legal title out of which that equity arose. If before foreclosure an outstanding interest of any kind acquired by one of the tenants in common would inure to the benefit of the entire estate, it necessarily follows that the same rule would apply after foreclosure and as long as any vestige of the joint estate, known as the tenancy in common, remains.

It results, therefore, that the tenants in common were not disseized of their respective interests in the right of redemption by the foreclosure sale, and that appellant is not the absolute owner free and clear of the claims of his cotenants.

The judgment of the trial court is affirmed.

Finlayson, P. J., and Works, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 17, 1924, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 18, 1924.

All the Justices concurred.